The STATE of Texas on the relation of William J. McKIE, Appellant,

v.

Robert D. BULLOCK, Secretary of State, State of Texas, et al., Appellees.

No. 12010.

Court of Civil Appeals of Texas, Austin.

Oct. 11, 1972.

Rehearing Denied Oct. 18, 1972.

Beard & Kultgen, Pat Beard, Glenn A. Sodd, Waco, Jimmy Morris, County Atty., Navarro County, for appellant.

Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll and Donald S. Thomas, Austin, for appellees.

PER CURIAM.

Suit was brought by the State on the relation of William J. McKie to enjoin the County Clerk of Navarro County from placing the name of H. D. Nicholson on the official ballot for the General Election to be held in November 1972. Mr. Nicholson is the Democratic nominee for District Judge of the 13th Judicial District of Navarro County, Texas. The suit also sought to remove Mr. Nicholson's name from the ballot if it is printed thereon and seeks a declaratory judgment as to whether Mr. Nicholson is qualified to serve as District Judge.

After trial to the Court, judgment was entered denying the writs of injunction and mandamus prayed for by relator and further declaring, in response to a cross action by Mr. Nicholson, that the County Clerk of Navarro County is required to print Mr. Nicholson's name on the ballot in the General Election as Candidate for District Judge. Consequently, an appeal has been perfected in this Court.

We affirm the judgment of the trial court.

Appellant is before us on two main points, the first being that the finding of the trial court that Nicholson is and will be qualified to hold the office of district judge is against the overwhelming weight and preponderance of the credible evidence received at the trial.

We overrule this point.

Article 5, Section 7 of the Texas Constitution, Vernon's Ann.St., requires that a candidate for district judge shall have been a practicing lawyer for four (4) years next preceding his election. H. D. Nicholson is a licensed attorney, had practiced law for some six years prior to the time in question; however, Appellant contends that he will not have been a practicing lawyer for four years next preceding the General Election to be held in November 1972.

Mr. Nicholson has operated a large hog ranch with his father since 1966. Appellant contends that since this time Nicholson has not maintained a law office with secretary and law library, has not appeared in court for the last four years, has retained no formal records or copies of any instruments in writing, has not been a member of any local bar association, and has not been listed in any of the publications in which lawyers customarily list themselves. Appellant further maintains that in Nicholson's application for voter registration in 1965, he listed himself as a lawyer; however, since that time, in 1968,

1969 and 1970, he listed his occupation as rancher. Appellant contends that Nicholson did not pay his bar dues for 1970 until August 1972, after the suit at bar had been filed. Appellant contends that before Nicholson paid these delinquent dues he sent a letter to the State Bar Association in which he stated he had not practiced law for the past three years, and that if he should desire to resume his law practice he would so advise the Bar and remit his dues at that time.

Nicholson's status as a member of the bar is not in question nor does Appellant question Nicholson's legal ability or professional qualifications to serve as a district judge. After graduating from Southern Methodist University with a grade average of 3.99 out of a possible 4.0 points, Nicholson enrolled in Law School at Southern Methodist University, where he maintained a grade average of 80 and wrote for the Southwestern Law Review. Nicholson passed the Texas Bar Examination in June of 1959, a month after his graduation from law school. In 1961 he became Assistant District Attorney of Dallas County and was soon promoted to Chief Prosecutor in a felony court. In this position he had two assistants under his supervision. He remained in that position until the latter part of 1963, when he became First Assistant United States Attorney for the Eastern District of Texas. There Nicholson was responsible for all criminal matters involving the Federal government. He became an expert on income tax law. He left this employment at the end of 1966 with the intention of opening a law office in Corsicana, but when he found that there would be some delay before he could secure adequate office space, Nicholson agreed to help his father in establishing a scientific hog raising operation.

In Willis v. Potts, 377 S.W.2d 622 (Tex.Sup.1964) the Supreme Court held that the right to hold public office should be strictly construed against ineligibility. The Supreme Court has also held that the question before us is a rather complicated one of mixed law and fact. Ferris v. Carlson, 158 Tex. 546, 314 S.W.2d 577 (1958)

The evidence adduced before the trial court was that during the period in question, Nicholson, while actively engaged in an extensive ranching operation with his father, also gave his father legal guidance in this operation. In this respect Nicholson testified in detail as to the type of legal services he rendered. He explained an option plan he worked out to freeze real estate values for estate tax purposes; negotiations with an oil company whereby an area of his father's ranch was released from unitization and leased again under a favorable contract; securing changes in easement rights of way favorable to his father and his uncle; arranging a lease with the Ford Motor Company concerning a building belonging to his father; various releases he drew for his father; deeds and other instruments which he drafted completing the dissolution of a corporation which his father had owned and transferring properties from the corporation to his father's individual ownership; drafting plans for a business organization which his father anticipated establishing; clearing title to property by obtaining a letter of indemnity to indemnify against any federal assessment of estate or inheritance taxes; preparation of leases and other instruments.

In addition to his father, to whom he rendered continual guidance in ranching and business activities, Nicholson named some thirty persons, other than members of his family, for whom he had performed legal services during the period in question. He explained that he frequently was questioned about income tax law and, in that field, had given advice on such matters as the propriety of automobile expense as a business deduction, the availability of accelerated depreciation, the use of investment credit, reporting of installment sales, and extent of taxation on capital gains.

Nicholson further testified that the range of his legal activities included the drafting of power of attorney, advising on

the right of eminent domain and on procedures and effect of condemnation, advising as to personal liability for the conduct of servants or agents acting outside the scope of their authority, and as to the right of action for breach of implied warranty of suitability for a particular purpose or of merchantable quality, as to child custody and divorce proceedings, liability of the operator of a rodeo arena for minors, property awards in divorce proceedings, the right of remarriage after divorce, wills and estate planning including marital deductions and the creation of Clifford type trusts, bankruptcy brokerage and sale of real estate, criminal matters, right to recover damages on account of trespass of animals, legal entities which might be employed in the operation of a professional medical practice, availability of actions under the Civil Rights Act, and the liability of partners in a general partnership.

We hold that the evidence of Nicholson's legal activities during the four years in question was sufficient to uphold the trial court's judgment. Riddle v. Roy, 126 So. 2d 448 (La.App.1960) cert. den.

Appellant complains under the second group of points of the refusal of the trial court to rule that Nicholson was required to name certain clients whom he had advised and to state the nature of the business of any of the parties to whom he allegedly gave advice and, further, that the court erred in ruling that Appellees could not cross examine or impeach Nicholson concerning legal advice he claimed to have given.

We overrule these points.

Since there is ample evidence that Nicholson practiced law during the period in question, we hold that the errors complained of were not such as to cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

In view of the imminence of the General Election we will not entertain a motion for rehearing.

Affirmed.