**The STATE of Texas ex rel.**

**William J. McKIE**

v.

**Robert D. BULLOCK, Secretary
of State, et al.**

**No. B–3652.**

Supreme Court of Texas.

March 7, 1973.

Beard & Kultgen, Pat Beard, and Glenn Sodd, Waco, Jimmy Morris, Corsicana, for petitioner.

John L. Hill, Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, Mays, Jacobs & Pevehouse, J. C. Jacobs, Corsicana, Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll, and Donald S. Thomas, Austin, for respondents.

PER CURIAM.

This litigation was brought by a county attorney in the name of the State of Texas on the relation of William J. McKie, a qualified voter residing in Navarro County. The object of the suit was injunction to prevent the name of H. D. Nicholson, candidate for Judge of the 13th Judicial District (Navarro County), from appearing on the ballot in the general election of November 1972; plaintiff also requested a declaration that candidate Nicholson was not and would not be qualified to occupy the office of district judge. The plaintiff contended that Nicholson had not "been a practicing lawyer or a Judge of a Court in this State, . . . for four (4) years next preceding his election" as required by Tex.Const. art. V, § 7, Vernon's Ann.St.

Both the trial court and the court of civil appeals held against the plaintiff. 485 S.W.2d 378. In the meantime, Mr. Nicholson's name was placed on the ballot and he was elected; he now occupies the office. Therefore, the only relief requested by plaintiff which is not now moot is a declaratory judgment on the issue of Judge Nicholson's qualifications. We believe that declaratory relief would be improper under the principles discussed below.

When, during the pendency of a bill for injunction and declaratory relief, the deed sought to be prevented is accomplished and suitable coercive relief becomes impossible, it is improper to grant declaratory relief. In Hulett v. West Lamar Rural High School Dist., 149 Tex. 289, 232 S.W.2d 669 (1950), taxpayers sued to enjoin the school district from paying out funds for the construction of school buildings. By the time the cause reached the Supreme Court, the buildings had been built and the contractor had been paid. Although injunction was then impossible, the taxpayers still requested a declaration that the school district's action was illegal. The Court held that, upon payment to the contractor, declaratory relief in favor of the taxpayers would not be proper since

the taxpayers had no standing to obtain ultimate relief, i. e., recovery of the funds illegally paid.

 The similarity between this case and *Hulett* is clear. Here the plaintiff simply has not asked for the only coercive relief which is now possible, i. e., quo warranto to oust Judge Nicholson from office. Vernon's Tex.Rev.Civ.Stat.Ann. art. 6257; Hamman v. Hayes, 391 S.W.2d 73 (Tex. Civ.App.—Beaumont 1965, writ ref'd). It is clear that a declaration of rights at this juncture could not finally settle the controversy. Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 6; United Services Life Insurance Company v. Delaney, 396 S.W.2d 855 (Tex. 1965). We express no opinion on the qualifications of respondent Nicholson.

The judgments of the courts below are reversed and the cause is dismissed without prejudice to file quo warranto. Rule 483, Texas Rules of Civil Procedure.