**Margarita SAENZ et al., Appellants,**

v.

**Thomas J. LACKEY et al., Appellees.**

**No. 931.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 10, 1975.

Rehearing Denied May 8, 1975.

Irma Rangel, Garcia & Rangel, Kingsville, Canales & Garza, Corpus Christi, for appellants.

Travis A. Peeler, Prichard, Peeler & Smith, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This appeal involves both the granting of a temporary injunction, and the refusing of a temporary injunction. Thomas J. Lackey, Betty Jo Haass and Ann R. Brooks, taxpayers and property owners in the City of Kingsville, Texas, individually, and as representatives of other taxpayers and property owners in the City, instituted suit on July 22, 1974, against the City of Kingsville, the Mayor and City Commissioners. Plaintiffs, in their original petition, alleged that an agreement made on July 10, 1974, by and between the City and Margarita Saenz was void. In addition to other relief prayed for, plaintiffs sought a temporary injunction that would enjoin the City from implementing the agreement, pending trial on the merits. Margarita Saenz was made a party defendant on July 29, 1974, which was before a hearing was had on the application for injunction. Trial was to the court without the aid of a jury. The trial court refused to temporarily enjoin the City from employing Margarita Saenz as Tax Assessor-Collector of the City of Kingsville, but did temporarily enjoin the City from paying of certain monies to her. The plaintiffs have appealed from that portion of the order which refused the temporary injunction sought by them. Margarita Saenz, hereinafter referred to as "Mrs. Saenz", has appealed from that portion of the order which temporarily enjoined the City from paying any monies to her.

Prior to September, 1971, Mrs. Saenz had been employed in the office of the Tax Assessor-Collector for the City of Kingsville for approximately nineteen (19) years as an assistant to Mr. T. A. Reid, the then Tax Assessor-Collector. Mr. Reid resigned in September, 1971, and Mrs. Saenz was made "acting Tax Assessor-Collector". She worked for the City in that capacity until August 15, 1972. On July 29, 1972, she was informed that Mr. R. G. Nelson had been hired as Tax Assessor-Collector for the City of Kingsville. Mrs. Saenz tendered her written resignation as "acting Tax Assessor-Collector" for the City on August 1, 1972, effective August 15, 1972. Her resignation was accepted by the City Manager. Upon leaving her employment, Mrs. Saenz drew her accrued sick leave pay and accrued vacation pay, but left her retirement accumulations on deposit in order for such monies to accrue interest.

Mrs. Saenz, on or about August 7, 1972, filed a complaint with the United States Equal Employment Opportunity Commission, hereinafter referred to as "EEOC", wherein she complained of the action taken by the City in employing Mr. Nelson as Tax Assessor-Collector. On or about May 17, 1974, she received her "notice of right to sue" letter from the Commission, pursuant to Title VII of the Civil Rights Act of 1964.

On July 10, 1974, the City entered into a written agreement with Mrs. Saenz which provided for: 1) her reinstatement to the

office of tax assessor-collector; 2) payment of retirement benefits to her as though she had never left her job; and 3) payment to her of the amounts of sick leave and vacation pay to which she would have been entitled had she not resigned. In return, Mrs. Saenz agreed to release the City of Kingsville from any liability it might incur as a result of the complaint filed by her with the EEOC. On July 22, 1974, at 8:45 o'clock a. m., Mrs. Saenz was "reinstated" as Tax Assessor-Collector of the City of Kingsville, which was thirty (30) minutes before this suit was filed.

A temporary restraining order was issued without notice at 9:15 o'clock a. m. on July 22, 1974, and a hearing thereon was set for August 1, 1974 at 9:30 o'clock a. m. Following the hearing, the trial court refused to enjoin the employment of Mrs. Saenz as Tax Assessor-Collector of the City on the ground that a temporary injunction should not be granted because Mrs. Saenz had been so employed "as of 8:45 o'clock A.M. on the morning of July 22, 1974, and prior to the issuance of the temporary restraining order by this Court at 9:15 o'clock A.M. on that date", and, further, that "the proper action to attack such employment would be in the nature of quo warranto", and not by injunction. The plaintiffs complain in a single point of error of that ruling in this appeal. The trial court, however, granted a temporary injunction, pending final determination of the cause, which enjoined the City of Kingsville, the Mayor, the City Commissioners, and the City's agents or employees from "paying or causing to be paid from the City funds of the City of Kingsville" to Mrs. Saenz any money agreed to be paid to her under the July 10, 1974 agreement. Mrs. Saenz, in three points of error, complains of that ruling in this appeal.

■ Where none of the plaintiffs are asserting a claim to the office challenged, as is the case presented by this appeal, the authorities in this State hold that a proceeding in quo warranto is the exclusive legal remedy afforded to the public by which it may protect itself against the un-

lawful occupancy of public office by an occupant. State of Texas v. Bullock, 491 S.W.2d 659 (Tex.Sup.1973); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922); Hamman v. Hayes, 391 S.W.2d 73 (Tex.Civ.App.—Beaumont 1965, writ ref'd).

■ Despite the allegations in plaintiffs' trial pleading that the appointment of Mrs. Saenz to the office of Tax Assessor-Collector was illegal, void and invalid for the several reasons therein set out, and notwithstanding the evidence which was introduced by plaintiffs in support of such allegations, injunction was not the proper remedy in this case for determining the legality of the appointment of Mrs. Saenz to the office. Mrs. Saenz, at the time suit was filed, had already been appointed and that part of the July 10, 1974 agreement had already been implemented. It, therefore, became impossible to grant relief by way of injunction. The act sought to be enjoined had already been accomplished when suit was filed. The plaintiffs simply did not ask for the only coercive relief that was possible at the time they filed suit, i. e., quo warranto to oust Mrs. Saenz from office. Accordingly, plaintiffs' point is overruled.

There may be some question as to whether Mrs. Saenz, alone, has legal standing to appeal that portion of the judgment which restrained the defendants, City of Kingsville, the Mayor, the City Commissioners, and the City's agents and employees, from paying her any monies out of City funds, pending final determination of the issues raised by plaintiffs' pleadings. The injunction under attack by Mrs. Saenz did not enjoin her from doing anything, although, as a practical matter, she was affected thereby. Neither Mrs. Saenz nor any of the other defendants pled affirmative defenses to plaintiffs' action. The City, the Mayor, and the City Commissioners (the remaining defendants) did not perfect an appeal from that portion of the order appealed by Mrs. Saenz. Therefore, the trial court's order is now binding on them. However, we do consider the points raised

by Mrs. Saenz in her appeal. In doing so, we assume, arguendo, that she has a legal right to attack the portion of the order which enjoined the City from paying the aforesaid monies to her, as provided by the agreement.

Mrs. Saenz, in her first two points of error, asserts that the trial court erred in overruling her motion to dismiss plaintiffs' action on the ground that it did not acquire jurisdiction over her, and that the trial court erred in finding that plaintiffs had established that they had a justiciable interest in the cause presented. The record shows that all of the plaintiffs owned property within the city limits of the City of Kingsville at the time suit was filed, and that none of them owed any delinquent taxes to the City. The evidence discloses that a public meeting was held to decide what action, if any, would be taken concerning the July 10, 1974 settlement agreement. It was there decided that some action should be taken to prevent the City of Kingsville from employing Mrs. Saenz as Tax Assessor-Collector, and from paying her the monies specified in the agreement. There was testimony that plaintiffs, by nomination and decision of those present at the meeting, were authorized and instructed to take whatever action they deemed necessary concerning the dispute that had arisen between a substantial number of the citizenry of Kingsville on the one hand, and the City and Mrs. Saenz on the other.

Mr. Keaton, who was suspended as City Manager of the City of Kingsville on July 19, 1974, testified that there was no provision in the City's current budget for the payment of any money to Mrs. Saenz with respect to the sick leave pay, vacation pay, and retirement benefits provided by the July 10, 1974 agreement. He further testified that any such payments, if made, would have to be made out of the general fund, and that tax money was commingled and mixed in with general fund money. The Mayor testified that, as of the date of the hearing, neither he nor the City Commission had decided what fund would be used

with which to pay the monies to Mrs. Saenz as set out in the agreement.

The Supreme Court in Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198 (1944), recognized the right of a taxpaying citizen to maintain an action in a court of equity to enjoin public officials from expending public funds under a contract that is void or illegal. In Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94 (1937, opinion adopted), the court held that when a taxpayer brings an action to restrain the illegal expenditure by the commissioners' court of tax money he sues for himself, and that his interest in the subject matter is sufficient to support the action. The rules announced in those cases apply to this case.

■ As has been noted, Mrs. Saenz, prior to the institution of this suit by plaintiffs, filed a complaint with the EEOC, wherein she complained that her civil rights had been violated by the persons named therein. She argues that the trial court did not have jurisdiction over her, because plaintiffs' suit was endangering the federal court's jurisdiction. The argument is without merit. Mrs. Saenz did not file any pleading to that effect in the trial court. The filing of the complaint with the EEOC was merely a prerequisite to seeking judicial consideration of the complaint. The attorney for Mrs. Saenz stated at the hearing on plaintiffs' application for temporary injunction that there was no pending federal litigation concerning the claim. Furthermore, there was no evidence of any attempt by Mrs. Saenz to enjoin the trial court from conducting the hearing in this case. There being no showing that any federal jurisdiction was invoked by Mrs. Saenz, the proceeding in the trial court did not endanger any federal court's jurisdiction. See Mitchum v. Foster, 407 U. S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

■ We hold that plaintiffs had legal standing to bring the action; that they had a justiciable interest in the action, both individually and as representatives of the class for whom they sued; that the trial

court had jurisdiction over the subject matter of the suit and of Mrs. Saenz; and that the proceedings in the trial court did not endanger the jurisdiction of any federal court.

Mrs. Saenz, in her third point of error, complains that the trial court erred in temporarily enjoining the City in paying any monies to her for lost sick leave pay, lost vacation pay and lost retirement benefits, because plaintiffs did not establish a proper right and a probable injury, for which they had no adequate remedy at law. We disagree.

In order for the trial court to properly grant an application for a temporary injunction, the applicant need show only a probable right and probable injury; he is not required to establish that he will finally prevail in the litigation. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). In the case at bar, a bona fide dispute existed at all times pertinent to this appeal concerning plaintiffs' right to the ultimate relief sought by them in their action. It is clear from the evidence adduced at the hearing that plaintiffs, being citizens and taxpayers of the City of Kingsville, did show a probable right and a probable injury in that tax funds in the possession of the City would be used to pay Mrs. Saenz for allegedly unearned and unaccrued benefits pursuant to an agreement which plaintiffs contend is void. The legality of the agreement was not before the trial court on the date of the hearing and is not before this Court in this appeal, and we express no opinion thereon.

It is well settled in this State that a temporary injunction prevents the doing of an alleged unlawful or wrongful act during the pendency of proceedings that seek permanent relief, and is a remedy allowed by the court before trial of the case on the merits for the sole purpose of preserving the subject matter of the controversy as it existed at the time suit was instituted. Dallas General Drivers, Etc. v. Wamix, Inc., of Dallas, 156 Tex. 408, 295 S.W.2d 873 (1956); City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973 (1931). It is equally well settled that the trial court is clothed with broad discretion in determining whether or not to grant an application for a temporary injunction, and the court's ruling thereon will be reversed only upon the showing of a clear abuse of discretion. State v. Cook United, Inc., 469 S.W.2d 709 (Tex.Sup.1971); Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952).

The status quo of the subject matter of the dispute between plaintiffs and Mrs. Saenz should be preserved pending a trial of the case on its merits. No abuse of discretion is shown by the granting of the temporary injunction. We have considered all of the points which have been brought forward by Mrs. Saenz and they are all overruled.

Costs of this appeal are assessed one-half (½) to plaintiffs, and one-half (½) to Mrs. Saenz.

The judgment of the trial court is affirmed.