STATE of Texas et al., Appellants,

v.

Ralph J. FRIEDMANN et ux., Appellees.

No. 1392.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

Stephen Greenberg, Asst. Atty. Gen., Austin, for appellants.

Reynaldo Garza, Jr., Garza & Garza, Brownsville, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from an order denying the defendants' motion to dissolve a temporary injunction. We affirm.

On·August 8, 1955, the State of Texas acquired, through condemnation, a roadway easement over certain lands owned in fee by Ralph J. Friedmann and wife, Sarah Friedmann, plaintiffs-appellees in this appeal. On September 28, 1976, the State and the City of Brownsville entered into a "multiple use agreement", pursuant to which the City commenced the construction of a building denominated a "tourist center" upon a certain portion of the land included in the roadway easement. The Friedmanns filed a suit against both the State and the City on November 4, 1977, wherein, among other relief sought, they prayed for a declaratory judgment which would settle the dispute as to whether the affected land could be used by the defendant City as a tourist center; they further asked for a temporary injunction which would enjoin the City, pending final hearing, from doing any more work on the project.

Following a hearing on the application for the temporary injunction, the trial court, by order signed on December 23, 1977, granted the application and a writ of

temporary injunction which enjoined further construction of the center during the pendency of the suit was duly issued. Neither the State nor the City appealed from the order which granted the Friedmanns' application for temporary injunction.

On June 23, 1978, the State and the City filed a motion to dissolve the temporary injunction. The motion was denied on June 27, 1978. The State of Texas and the City of Brownsville have duly perfected an appeal from such order. See Rule 385(d), T.R.C.P.

No evidence was presented by the appellants at the hearing on their motion to dissolve the temporary injunction. Appellants, in their verified motion, pled, in effect, that under the pleadings then on file and in view of the undisputed facts adduced at the hearing on appellees' application for the issuance of the temporary injunction, their motion should be granted because the injunction had been wrongfully issued. On appeal, appellants contend that the failure to dissolve the temporary injunction constituted an abuse of discretion by the trial court. We do not agree.

It is well settled law in this State that a temporary injunction may be granted which will prevent the performance of an alleged wrongful act during the pendency of a lawsuit that seeks permanent relief, and is a remedy which is available to the interested litigant before trial of the case on the merits for the purpose of preserving the subject matter of the controversy as it existed at the time suit was instituted. *Dallas General Drivers, Etc. v. Wamix, Inc. of Dallas,* 156 Tex. 408, 295 S.W.2d 873 (1956); *Saenz v. Lackey,* 522 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). Where a party asks for such an injunction, the trial court is clothed with broad discretion in determining whether to grant the application or not, and the court's ruling thereon will be reversed only upon the showing of a clear abuse of discretion. *State v. Cook United, Inc.,* 469 S.W.2d 709 (Tex.Sup.1971); *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962).

This appeal from the order denying appellants' motion to dissolve the temporary injunction previously granted is also governed by the rules announced in the cases above cited. The determination of the question of whether to dissolve the temporary injunction lies within the broad discretion of the trial court, and the issue presented by this appeal is limited to the narrow question of whether the trial court, in denying the motion to dissolve the existing temporary injunction, abused its discretion in the matter. We hold that it did not.

The burden of proving that the trial court, in denying a motion to dissolve a temporary injunction issued prior to a trial on the merits, abused its discretion is on the litigant who attacks the court's action. *Marshall v. Good Times, Inc.,* 537 S.W.2d 536 (Tex.Civ.App.—Fort Worth 1976, writ dism'd). See also *Schroeder v. Brandon,* 141 Tex. 319, 172 S.W.2d 488 (1943).

In this case, the only evidentiary hearing held in this cause was the hearing on appellees' application for the issuance of a temporary injunction. An identical situation existed in *Marshall v. Good Times, Inc.,* supra, where it was stated categorically that in the absence of a statement of facts reflecting the proceedings that occurred at the hearing on the motion to dissolve, the Court of Civil Appeals was required to presume on appeal that the trial court's action in overruling the motion was not an abuse of discretion. We are in full agreement with that announcement.

The record before us does contain a statement of facts which contains the evidence introduced at the November 15 and 16, 1977, hearing on the appellees' application for a temporary injunction, which was granted on December 23, 1977. That order, however, is not the order from which the instant appeal was perfected.

In the case at bar, an examination of the pleadings shows that a bona fide dispute existed at all times pertinent to this appeal concerning the right of appellees to the ultimate relief sought by them in their ac-

tion. Under the posture of the record as it now exists, we can only conclude that the appellees, at the hearing on their application for the issuance of a temporary injunction, produced evidence which showed a probable right to the injunction and a probable injury in the event that their application was denied, which is all that was required of them at that time; they were not required to establish (at such hearing) that they will probably prevail at the trial on the merits. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Saenz v. Lackey,* supra. The determination of the rights of the parties to this action as a result of the condemnation proceedings was not before the trial court in either the hearing on the application for the issuance of a temporary injunction or in the hearing on the motion to dissolve the injunction, and is not before this Court in this appeal. We express no opinion thereon.

The status quo of the subject matter of the dispute between appellees and appellants was the status that existed at the time appellees (plaintiffs) filed this suit. That status should be preserved pending the rendition of a final judgment after a trial on the merits. The trial court did determine from the evidence adduced at the hearing on appellees' application for a temporary injunction what the status quo was on the date the order granting the injunction was signed, and preserved that status until final judgment. As stated, appellants did not appeal from that order, and at the hearing on their motion to dissolve the injunction, made no attempt to show a change in the conditions which existed at the time of the hearing on appellees' application for the issuance of the injunction.

Appellants, in support of their position, rely on the decision in *Whitaker v. Wilson,* 349 S.W.2d 753 (Tex.Civ.App.—Houston, 1961, writ ref'd n. r. e.). There, Wilson, the Water and Sewer Inspector of the City of Pasadena, sued Whitaker, the Mayor of Pasadena, to restrain him from interfering with him (Wilson) in the exercise of his duties as such inspector. The City Commissioners intervened and adopted Wilson's

pleadings, and prayed for a declaratory judgment which would determine the respective powers and duties of the Mayor and the City Commission. They also asked for a temporary injunction which would restrain certain acts of the Mayor pending final hearing. The temporary injunction was granted to the plaintiffs in intervention solely "upon their verified petition in intervention". Whitaker (the Mayor) did not appeal from the order granting the temporary injunction. Subsequently, he filed a motion to dissolve the injunction, which was denied. He did, however, perfect an appeal from the order which denied his motion to dissolve.

In the *Whitaker* case, the hearing on the application for the temporary injunction was before a visiting judge; the hearing on the motion to dissolve was before the regular judge. In refusing to dissolve the injunction, the regular judge stated that he was not going to pass on the act of the visiting judge because "if such a precedent was established, the losing party could go before another judge every time a different judge presided, and there would be no end of motions to dissolve or modify temporary injunctions". The Court of Civil Appeals disagreed; it reversed the judgment and remanded the cause; and, in doing so, held that the regular judge "was required to exercise his discretion in determining whether the temporary injunction should be dissolved or modified."

The *Whitaker* case is distinguishable from the case before us in this appeal. In *Whitaker,* at the time the visiting judge granted the temporary injunction, the court had nothing before it except the intervenors' sworn petition. The motion to dissolve, which was supported by evidence, was denied by the regular trial judge, who reasoned that he lacked the discretion to review the earlier judge's action. On appeal, the Court of Civil Appeals held otherwise. In doing so, that Court made statements which the appellants in the instant case apparently have taken out of context. For instance, at the outset of its opinion in *Whitaker,* the Court stated that the "whole

matter of the propriety of the temporary injunction" was before it "although the appeal is not from the order granting the injunction but from the order refusing to dissolve it." Upon closer inspection, however, the Court's statement is not as sweeping as it seems. The "whole matter of the propriety of the temporary injunction" was properly before the Court of Civil Appeals in *Whitaker,* because the intervenors did not produce any evidence at the hearing on their application for the injunction, but did produce evidence in support of their motion to dissolve, and attempted to show changed conditions which resulted in an alteration of the status quo as it existed at the time suit was filed. That is not the case presented by this appeal. Here, evidence was presented at the hearing on the application for the issuance of a temporary injunction; no evidence was presented by anyone at the hearing on the motion to dissolve. Further, the denial of appellants' motion to dissolve the existing temporary injunction *preserved* the status quo which existed as of the date suit was filed, and *did not alter* such status quo.

At the hearing on appellants' motion to dissolve the previously issued temporary injunction, the trial court was required to exercise its discretion in determining whether the injunction should be dissolved. It exercised that discretion. In *Whitaker,* the trial judge refused to do so, and such refusal was, in itself, an abuse of discretion. That factor further distinguishes the case at bar from *Whitaker.*

After considering the record before us, we hold that the trial judge did not abuse his discretion in refusing to dissolve the temporary injunction. We have carefully considered all of appellants' points of error, and they are overruled.

The judgment of the trial court is AFFIRMED.