IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-062-CV





RELIANCE TITLE COMPANY,



 APPELLANT


vs.





STATE BOARD OF INSURANCE,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 92-16435, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 





PER CURIAM



 Appellant Reliance Title Company appeals from an order of the district court of
Travis County denying its request for temporary injunctive relief. (1) See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(4) (West Supp. 1994). Because we conclude that the district court did not
abuse its discretion in denying that request, we will affirm the district-court denial of Reliance's
request for a temporary injunction.

 In the proceedings underlying this interlocutory appeal, the Commissioner of
Insurance placed Reliance under supervision and then under a conservatorship. See Tex. Ins. Code Ann. ("Code") art. 21.28-A (West Supp. 1994). Reliance appealed the Commissioner's
order of conservatorship to appellee State Board of Insurance which heard the matter on December
3, 1992. Code art. 21.28-A § 7 (West Supp. 1994). On December 18, 1992, the Board issued
its order affirming the Commissioner's order and denying Reliance's request for a stay.

 Before the Board issued a written order, Reliance filed an original petition seeking
review of the Board decision and requesting injunctive relief in the district court of Travis County. 
Id. On December 21, 1992, Reliance filed its first amended original petition and application for
temporary injunction asserting that article 9.29 of the Code is unconstitutional. See Code art.
9.29 (West Supp. 1994). (2) Reliance sought a declaration that the Board had no jurisdiction to
supervise, conserve, or liquidate the company and a permanent injunction prohibiting the Board
from exercising any such authority over Reliance. See Tex. Civ. Prac. & Rem. Code Ann. §
37.004 (West 1986). Reliance also sought a temporary injunction to prohibit the Board from
proceeding to liquidate the company.

 Thereafter, Reliance filed a motion for summary judgment. The Board filed a plea
to the jurisdiction asserting that Reliance's motion for rehearing filed in the agency was
insufficient to apprise the Board of the asserted error. See Administrative Procedure Act, Tex.
Gov't Code Ann. § 2001.145(a) (West 1994); (3) Suburban Util. Corp. v. Public Util. Comm'n, 652
S.W.2d 358, 364 (Tex. 1983). After a hearing, the trial court issued its order stating that it had
jurisdiction to determine the constitutionality of article 9.29 and that the provision "is not
defective as a result of the caption." By the same order, the trial court granted the Board's plea
to the jurisdiction and denied Reliance's motion for summary judgment and request for a
temporary injunction. (4)

 In an appeal from an order denying a request for a temporary injunction, appellate
review is confined to the validity of the order denying the injunctive relief. The merits of the
lawsuit are not presented for review. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978);
Public Util. Comm'n v. Coalition for Cities for Affordable Util. Rates, 776 S.W.2d 224, 226
(Tex. App.--Austin 1989, no writ). Indeed, appellate consideration of the merits of the underlying
lawsuit is error. Davis, 571 S.W.2d at 862; Hertz Corp. v. State Dept. of Highways & Pub.
Transp., 728 S.W.2d 917, 919 (Tex. App.--Austin 1987, no writ). This Court may reverse the
trial-court order only on a showing of a clear abuse of discretion. Transport Co. of Tex. v.
Robertson Transp., 261 S.W.2d 549, 552 (Tex. 1953).

 In three points of error, Reliance asserts that the trial court erred in holding article
9.29 constitutional, in denying Reliance's motion for summary judgment, in granting the plea to
the jurisdiction, and in refusing to hear the application for temporary injunction. Because the
appeal is an interlocutory one from the denial of a request for temporary injunction, the only issue
before this Court is the denial of injunctive relief. A party may not use the appeal of an
appealable, interlocutory order to obtain review of non-appealable interlocutory orders. 
Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex. App.--Houston [14th Dist.] 1991, writ
denied); City of Arlington v. Texas Elec. Serv. Co., 540 S.W.2d 580, 582 (Tex. Civ. App.--Fort
Worth 1976, writ ref'd n.r.e.); Dickson v. Dickson, 516 S.W.2d 28, 30 (Tex. Civ. App.--Austin
1974, no writ). Accordingly, we do not address points of error two and three. (5)

 In its first point of error, Reliance argues that the district court erred in determining
that section 9.29 is constitutional. This Court may reach the question only as it relates to the
denial of Reliance's application for temporary injunction. See Davis, 571 S.W.2d at 861-62;
Public Util. Comm'n, 776 S.W.2d at 226. To be entitled to the temporary injunction, Reliance
had the burden to demonstrate both a probable right to recover and a probable, irreparable injury
that would occur if the trial court did not order an injunction. Tex. Civ. Prac. & Rem. Code
Ann. § 65.011 (West 1986 & Supp. 1994); Robertson Transp., 261 S.W.2d at 552; Rutherford
Oil Corp. v. General Land Office, 776 S.W.2d 232, 234 (Tex. App.--Austin 1989, no writ).

 Regardless whether Reliance demonstrated a probable right to recover on the merits
of its claim, we must affirm the district-court order denying injunctive relief because Reliance also
had the burden to demonstrate irreparable harm. The record before this Court does not, however,
contain a statement of facts from the hearing on the application for temporary injunction. 
Reliance has the burden to show that the trial court abused its discretion in denying the application
for temporary injunction. Tex. R. App. P. 50(d); State v. Friedmann, 572 S.W.2d 373, 375
(Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). In the absence of a statement of facts
from the hearing on the application, this Court must presume that Reliance did not meet its burden
to show irreparable harm and, therefore, the district court did not abuse its discretion. Fort Bend
County v. Texas Parks & Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex. App.--Austin 1991, no
writ); Friedmann, 572 S.W.2d at 375-76; see Public Util. Comm'n v. City of Austin, 710 S.W.2d
658, 660-61 (Tex. App.--Austin 1986, no writ). Accordingly, we overrule Reliance's first point
of error as it relates to the order denying injunctive relief.

 We affirm the portion of the district-court order denying the request for injunctive
relief and dismiss the portions of the appeal relating to the denial of the motion for summary
judgment and granting of the plea to the jurisdiction.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Appeal Dismissed in Part

Filed: September 14, 1994

Do Not Publish
1. [1] This Court previously issued its order and writ of injunction to preserve its jurisdiction over
the instant appeal. Reliance Title Co. v. State Bd. of Ins., No. 3-93-036 (Tex. App.--Austin Feb.
19, 1993, orig. proceeding) (not designated for publication).
2. [2] Texas Ins. Code Ann. art. 9.29 (West Supp. 1993) states:


Art. 9.29. Supervision, Conservation and Liquidation of Title
Insurance Companies

 Articles 21.28 and 21.28-A of this Code apply to title insurance
companies, title insurance agents, and other companies doing a title
insurance business in this state.
3. [3] The citation is to the current Administrative Procedure Act rather than to the former
Administrative Procedure and Texas register Act because the codification did not substantively
change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583,
986-87.
4. [4] Although granting the Board's plea to the jurisdiction, the order does not dismiss the cause
of action. See Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985) (sustaining plea to jurisdiction
requires dismissal). Furthermore, the statement, "All other relief not expressly granted is hereby
DENIED," has been marked through. At oral argument, counsel for Reliance stated that the
Board had filed a counterclaim seeking liquidation of the company. Accordingly, we do not
regard the judgment as a final judgment. See North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893 (Tex. 1966).
5. [5] Although point of error three states that the trial court erred in refusing to hear the request
for temporary injunction, Reliance does not present any argument regarding the temporary
injunction under that point. See Helle v. Hightower, 735 S.W.2d 650, 654 (Tex. App.--Austin
1987, writ denied). The order of February 21, 1993, however, states that the court did hear the
request and that the request is denied. We overrule the third point of error to the extent, if any,
Reliance complains of a failure to hear its request for a temporary injunction.