TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00487-CV







La Joya Independent School District, Appellant


v.


Greg Abbott, Attorney General for the State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. GV304757, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 This is an appeal from a final summary judgment in favor of appellee Greg Abbott,
the Attorney General of Texas. Appellant La Joya Independent School District argues that the
district court erred in finding that its liability insurance policy was not "confidential under other
law," but subject to disclosure under the Texas Public Information Act (TPIA). See Tex. Gov't Code
Ann. § 552.022 (West 2004); see also Tex. Civ. Prac. & Rem. Code Ann. § 101.104 (West 2005). 
Additionally, La Joya claims that because information "confidential under other law" is not among
the exceptions in Subchapter C of the TPIA, it was not required to seek an Attorney General opinion
before withholding the requested information. See Tex. Gov't Code Ann. § 552.301 (West 2004). 
For reasons we explain below, we dismiss the appeal as moot.




BACKGROUND

 In September 2003, Julian Gomez, an attorney representing a plaintiff in a wrongful
death suit pending against La Joya, requested a copy of La Joya's liability insurance policy pursuant
to the TPIA. (1) See id. §§ 552.001-552.353 (West 2004). La Joya opposed the release of the policy
on the grounds that the policy was "confidential under other law"--specifically, the Tort Claims
Act--and exempted from disclosure by the litigation exception. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.104 (making existence and amount of governmental unit's liability insurance not "subject
to discovery"); Tex. Gov't Code Ann. § 552.103. La Joya requested an opinion from the Attorney
General, who held that La Joya was required to release its insurance policy to Gomez. Tex. Att'y
Gen. OR2003-8657 (2003); see Tex. Gov't Code Ann. § 552.301.

 In December 2003, La Joya filed suit against the Attorney General challenging his
letter ruling and seeking declaratory relief from complying with the decision. See Tex. Gov't Code
Ann. § 552.324. The parties filed cross-motions for summary judgment in February and March
2004. On April 4, 2004, Gomez received the requested insurance information through discovery in
a separate civil case he had filed against La Joya. On April 20, the district court granted the Attorney
General's motion and denied La Joya's motion. This appeal followed.

 There is no indication in the record that the district court was ever aware that Gomez
had already received the information he requested.



DISCUSSION

 After La Joya filed its brief in this case, Gomez signed an affidavit stating that he has
withdrawn his request under the TPIA. The Attorney General attached the affidavit, signed October
18, 2004, to his brief and argued that the case should be dismissed as moot. La Joya has not filed
a reply to the Attorney General's brief.

 The issue of mootness implicates subject-matter jurisdiction. See Speer v.
Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993). The mootness
doctrine limits courts to deciding cases in which an actual controversy exists. Camarena v. Texas
Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988). A controversy must exist between the
parties at every stage of the legal proceedings, including the appeal. Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2001). If a controversy ceases to exist--that is, "if the issues presented are no longer
'live' or the parties lack a legally cognizable interest in the outcome"--the case becomes moot. Id. 
(quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). If a case becomes moot, the parties lose their
standing to maintain their claims. Id.

 Here, the controversy between the parties was whether La Joya had to disclose its 
insurance policy to Gomez. When Gomez withdrew his request, the controversy ceased to exist. 
La Joya no longer has to comply with the letter opinion because the disclosure ordered is no longer
desired. See State ex rel. McKie v. Bullock, 491 S.W.2d 659, 660 (Tex. 1973) (declaratory relief
improper when deed sought to be prevented is accomplished).

 Moreover, La Joya provided the insurance policy to Gomez in a separate matter. 
When the records that are the subject of a public information request are produced, any controversy
related to that request becomes moot. See Dear v. City of Irving, 902 S.W.2d 731, 736 (Tex.
App.--Austin 1995, writ denied).


CONCLUSION


 Because the underlying controversy has ceased to exist, the case is dismissed for want
of jurisdiction.



 

 Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Dismissed for Want of Jurisdiction

Filed: July 7, 2005
1. Specifically, the request was for "the policy limits and number of La Joya ISD's liability
insurance policy that was in effect on 20 May 2003."