# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00487-CV

**La Joya Independent School District, Appellant**

**v.**

**Greg Abbott, Attorney General for the State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GV304757, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final summary judgment in favor of appellee Greg Abbott, the Attorney General of Texas. Appellant La Joya Independent School District argues that the district court erred in finding that its liability insurance policy was not "confidential under other law," but subject to disclosure under the Texas Public Information Act (TPIA). *See* Tex. Gov't Code Ann. § 552.022 (West 2004); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.104 (West 2005). Additionally, La Joya claims that because information "confidential under other law" is not among the exceptions in Subchapter C of the TPIA, it was not required to seek an Attorney General opinion before withholding the requested information. *See* Tex. Gov't Code Ann. § 552.301 (West 2004). For reasons we explain below, we dismiss the appeal as moot.

## BACKGROUND

In September 2003, Julian Gomez, an attorney representing a plaintiff in a wrongful death suit pending against La Joya, requested a copy of La Joya's liability insurance policy pursuant to the TPIA.[1] *See id*. §§ 552.001-552.353 (West 2004). La Joya opposed the release of the policy on the grounds that the policy was "confidential under other law"—specifically, the Tort Claims Act—and exempted from disclosure by the litigation exception. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.104 (making existence and amount of governmental unit's liability insurance not "subject to discovery"); Tex. Gov't Code Ann. § 552.103. La Joya requested an opinion from the Attorney General, who held that La Joya was required to release its insurance policy to Gomez. Tex. Att'y Gen. OR2003-8657 (2003); *see* Tex. Gov't Code Ann. § 552.301.

In December 2003, La Joya filed suit against the Attorney General challenging his letter ruling and seeking declaratory relief from complying with the decision. *See* Tex. Gov't Code Ann. § 552.324. The parties filed cross-motions for summary judgment in February and March 2004. On April 4, 2004, Gomez received the requested insurance information through discovery in a separate civil case he had filed against La Joya. On April 20, the district court granted the Attorney General's motion and denied La Joya's motion. This appeal followed.

There is no indication in the record that the district court was ever aware that Gomez had already received the information he requested.

---

[1] Specifically, the request was for "the policy limits and number of La Joya ISD's liability insurance policy that was in effect on 20 May 2003."

**DISCUSSION**

After La Joya filed its brief in this case, Gomez signed an affidavit stating that he has withdrawn his request under the TPIA. The Attorney General attached the affidavit, signed October 18, 2004, to his brief and argued that the case should be dismissed as moot. La Joya has not filed a reply to the Attorney General's brief.

The issue of mootness implicates subject-matter jurisdiction. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993). The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). A controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a controversy ceases to exist—that is, "if the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the case becomes moot. *Id*. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). If a case becomes moot, the parties lose their standing to maintain their claims. *Id*.

Here, the controversy between the parties was whether La Joya had to disclose its insurance policy to Gomez. When Gomez withdrew his request, the controversy ceased to exist. La Joya no longer has to comply with the letter opinion because the disclosure ordered is no longer desired. *See State ex rel. McKie v. Bullock*, 491 S.W.2d 659, 660 (Tex. 1973) (declaratory relief improper when deed sought to be prevented is accomplished).

Moreover, La Joya provided the insurance policy to Gomez in a separate matter. When the records that are the subject of a public information request are produced, any controversy

3

related to that request becomes moot. *See Dear v. City of Irving*, 902 S.W.2d 731, 736 (Tex. App.—Austin 1995, writ denied).

## CONCLUSION

Because the underlying controversy has ceased to exist, the case is dismissed for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Dismissed for Want of Jurisdiction

Filed:   July 7, 2005

4