**Opinion issued March 10, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00627-CV

———————————

## SOON HWA LEE AND ALICE LEE CHAN, AS EXECUTRIX OF THE ESTATE OF AN SIK LEE, Appellants

## V.

## SANG KU PARK, Appellee

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-48941**

---

# O P I N I O N

Appellants Soon Hwa Lee and Alice Lee Chan, as Executrix of the Estate of An Sik Lee, appeal from the denial of a motion to dissolve a temporary injunction. In two issues on appeal, appellants assert that the trial court erred by denying the motion to dissolve because (1) appellee Sang Ku Park did not prove any irreparable

injury in seeking the temporary injunction; and (2) the court lacked authority to prohibit appellants from taking any action to evict Park from the leased property in the temporary injunction. We affirm.

**Background**

This landlord-tenant dispute involves a piece of commercial property, a lease on the property with language about an option to buy the property at the end of the lease term, and a temporary injunction that blocks the landlords from taking steps to evict the tenant. Lee and Chan are the landlords; Park is the tenant.

The trial court signed the injunction order in August 2023 and set the case for the two-week trial docket commencing in November 2023. The order contained standard language stating that the injunction will persist until the trial. Hence, one might have expected the injunction to die of natural causes upon the case going to trial—except that the case has never reached trial. The trial date keeps moving, over and over again.

The landlords could have appealed the temporary injunction back near the time of its issuance. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). But they did not do so, perhaps because the trial date looked so close at hand. So the 20-day deadline for immediate appeal came and went. *See* TEX. R. APP. P. 26.1(b), 28.1(a)–(b). About six months after the injunction—with the case still untried and the temporary injunction therefore in force—the landlords moved to dissolve the

2

injunction. The motion argued that the tenant had never shown irreparable harm and asked the court to "dissolve the Temporary Injunction because Plaintiff failed to meet his burden."

The trial court denied the motion to dissolve. The landlords timely perfected this interlocutory appeal from the denial.[1]

**Temporary Injunction**

On appeal, the landlords complain that the injunction should not have been granted in the first place and that it goes too far by barring eviction efforts, which the landlords see as a matter for the justice court and not a district court. The landlords' appellate brief presents two issues:

1. Did the trial court err in denying the motion to dissolve Appellee's temporary injunction because Appellee never provided evidence of irreparable injury?

2. When the trial court enjoined Appellants from taking any action to evict Appellee from the leased property, did the trial court err by granting relief it did not have the authority to grant?[2]

---

[1] We have appellate jurisdiction to review an interlocutory order denying a motion to dissolve a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

[2] The tenant contends that this Court should dismiss the appeal for want of jurisdiction because the trial court did not issue a substantive ruling on the issues presented on appeal. But the cases on which the tenant relies concern permissive appeals under Civil Practice and Remedies Code section 51.014(d), not interlocutory appeals as a matter of right under section 51.014(a). *See Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597 (Tex. App.—Dallas 2012, no pet.); *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 263–64 (Tex. App.—Dallas 2009, no pet.). These authorities are inapposite.

These complaints would have been cognizable in an appeal from the initial order granting the injunction, but no such appeal took place. So the question now becomes whether these complaints have any traction on appeal from the denial of a motion to dissolve the injunction.

We review a ruling on a motion to dissolve a temporary injunction for an abuse of discretion. *Conlin v. Haun*, 419 S.W.3d 682, 686 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

When the 1919 Legislature created the right to an immediate appeal from an order refusing to dissolve a temporary injunction, it authorized an appeal but did not say what the appellant must establish in order to prevail on appeal.[3] Since that time, the consensus view in the courts has become that a motion to dissolve is not a vehicle

---

The tenant's complaint in this regard is one concerning error preservation under Rule of Appellate Procedure 33.1(a), which does not deprive an appellate court of jurisdiction over the appeal. *See Guerra v. State*, No. 14-16-00719-CV, 2018 WL 1057502, at *3 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, no pet.) (mem. op.) (affirming judgment after concluding that court had jurisdiction over appeal but that appellants failed to preserve error on sole appellate issue); *State v. Nine Hundred Eighty-Two Thousand One Hundred Ten Dollars*, No. 08-11-00253-CV, 2011 WL 4068011, at *1 (Tex. App.—El Paso Sep. 14, 2011, no pet.) (mem. op.) ("Rule 33.1 governs preservation of error; it does not pertain to appellate jurisdiction.").

3    *See* Act of Feb. 6, 1919, 36th Leg., R.S., ch. 17, § 1, 1919 Tex. Gen. Laws 22, 22 ("Any party or parties to any civil suit wherein a temporary injunction may be granted or refused or having been granted shall on motion be dissolved, or when motion to dissolve has been overruled, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting or refusing, or dissolving or refusing to dissolve such injunction, to the court of Civil Appeals having jurisdiction of such appeal[.]").

for relitigating matters that should have been ventilated at the initial hearing on the temporary injunction:

> When, as here, the interlocutory appeal is from an order denying a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not have jurisdiction to consider the propriety of the trial court's decision to grant the initial injunctive relief. We presume the injunction was not improvidently granted and that the record supports the trial court's action.

*Yuwei Enter., Inc. v. Bayou Soc. Club, LLC*, No. 14-24-00109-CV, 2025 WL 411683, at *2 (Tex. App.—Houston [14th Dist.] Feb. 6, 2025, no pet.) (mem. op.) (citations omitted).

To phrase it in a slightly different way, "[t]he purpose of the motion to dissolve is to provide a means to show that changed circumstances or changes in the law require the modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant." *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 836 (Tex. App.—Austin 1984, no writ). "The burden of proving that the trial court, in denying a motion to dissolve a temporary injunction issued prior to a trial on the merits, abused its discretion is on the litigant who attacks the court's action." *State v. Friedmann*, 572 S.W.2d 373, 375 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).

To carry this burden, the party seeking dissolution must typically show "changed circumstances." *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex. 1991) (orig. proceeding) (per curiam); *Tober*, 668 S.W.2d at 836; *see Kassim v. Carlisle Ints.,*

5

*Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.) (quotation omitted); *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ).

The record in this appeal contains no showing of changed circumstances. The landlords point to the evidence that was adduced at the injunction hearing and argue that the evidence was inadequate to support the injunction. The landlords might or might not be right about that, but the "changed circumstances" test does not ask whether the evidence supported the injunction in the first place. In a dispute about dissolution, the law treats the injunction as valid when issued and asks only whether something has changed since that time to make the injunction infirm for reasons that did not exist at the time of issuance. If matters were otherwise, the short deadline for appealing the grant of an injunction would become illusory, because a litigant could just file a motion to dissolve at any time and thereby reopen the right to appeal.

Hence, we need not decide whether the evidence at the injunction hearing established irreparable injury, or whether the order went too far in barring eviction efforts. We hold only that there was no showing of changed circumstances. The trial court thus acted within its discretion to deny the motion to dissolve.

The landlords contend that the prohibition on eviction creates a problem with subject-matter jurisdiction that can be reviewed in this appeal. On this line of argument, eviction disputes belong exclusively to the justice courts and cannot be

decided in a district court. TEX. PROP. CODE § 24.004(a); *Jelinis, LLC v. Hiran*, 557 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Ergo, the landlords claim the ability to pursue a forcible entry and detainer action in the justice court. *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). The landlords concede that they did not raise this argument in the motion to dissolve but see it as available anyway: "Although this issue was not raised in Appellants' Motion to Dissolve the Temporary Injunction, this issue concerns the trial court's subject matter jurisdiction, which can be raised at any time."

The tenant counters that the right to immediate possession properly belongs in district court on these facts because the case involves a title dispute, which thereby comes within a district court's competence. *See Midway CC Venture I, LP v. O&V Venture, LLC*, 527 S.W.3d 531, 535 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("If the right to immediate possession necessarily requires resolution of a title dispute, then the justice court has no jurisdiction and can be properly enjoined.").

We find the landlords' position unpersuasive. The district court's injunction order does not express any intent to decide an eviction question. Although it blocks the landlords from pursuing eviction, it does not indicate that such an issue will be litigated in district court. Whatever else one may say about the prohibition on eviction efforts, it does not cross any jurisdictional line. *See McDowell v. Hightower*, 111 Tex. 585, 242 S.W. 753, 754 (1922) (orig. proceeding) ("[T]he action of the

7

Court of Civil Appeals was not void, regardless of the correctness of the court's construction of the statutes . . . ."). If this appeal were from the initial granting of the injunction, we might well have to decide whether the case necessarily involves a title issue, but here we face only the denial of a motion to dissolve. As explained, we see no changed circumstances and no defect in subject-matter jurisdiction.

None of this is to hold that the injunction was correct when issued or to celebrate the amount of time that has been forever lost since the trial court issued it. But the cure is not to perpetuate the skirmishing about the injunction. The cure is to try the case. As the supreme court once put it in an opinion by Justice Norvell: "Generally the most expeditious way of obviating the hardship and discomforture of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies." *Sw. Weather Rsch., Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959). The sooner this case gets to trial, the sooner both sides will get to closure and can move beyond what Justice Norvell aptly labeled as discomforture.

**Conclusion**

We affirm the trial court's order denying the motion to dissolve the temporary injunction.[4]

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

---

[4]    Appellants filed an unopposed motion to substitute Timothy A. Hootman as lead counsel. *See* TEX. R. APP. P. 6.5(d). The Court grants the motion.