**MIDWAY CC VENTURE I, LP, Appellant**

v.

**O&V VENTURE, LLC, Appellee**

**NO. 01-17-00050-CV**

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued June 29, 2017

Dylan B. Russell, Joseph O. Slovacek, Paul A. Pilibosian, HOOVER SLOVACEK LLP, Galleria Tower II, 5051 Westheimer, Suite 1200, Houston, Texas 77056, for Appellant.

Lance Leisure, Mark A. Correro, CORRERO & LEISURE, 2909 Hillcroft Avenue, Suite 350, Houston, Texas 77057, for Appellee.

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

## OPINION

Sherry Radack, Chief Justice

The issue in this case is whether the district court erred by temporarily enjoining a landlord from filing a suit in justice court to evict a tenant for non-payment of rent because of a previously-filed declaratory judgment action in the district court. Because the justice court has exclusive jurisdiction in a landlord-tenant dispute over possession, and no issue of title is involved, we hold that the trial court's order enjoining the landlord from filing an eviction suit in justice court was an abuse of discretion. Accordingly, we reverse the trial court's temporary injunction order and remand for further proceedings.

## BACKGROUND

Midway CC Venture I, LP is the owner and landlord of certain commercial space in Houston, TX, and O&V Venture, LLC is its tenant. Their original lease was signed in 2010, and, in 2015, the parties amended the lease, whereby O&V would move out of its original lease into a temporary space while a new space was built out to accommodate O&V's plan to open a wine bar. After delays associated with obtaining the necessary permits for the space, O&V moved back into the space in August 2016. Thereafter, the parties were unable to agree regarding what rent credits, if any, O&V was entitled to because of the delayed occupation.

On December 27, 2016, Midway sent notice to O&V that it was in default for failing to pay rent and that Midway was exercising its right to terminate O&V's possession. Midway gave O&V three days to vacate the space.

Rather than vacate the premises, O&V filed a petition in Harris County District Court on December 30, 2016, seeking a declaratory judgment that it was entitled to certain rent credits and was not in default of the lease. O&V also sought a temporary injunction to prevent Midway from "filing any legal action seeking to dispossess [O&V] of its right to access and conduct business at the New Leased Premise."

That same day, the ancillary judge signed a temporary restraining order

["TRO"] that enjoined Midway from "filing any legal action seeking to dispossess [O&V] of its right to access and conduct business at the New Leased Premise from the date of the entry of this order until fourteen (14) days thereafter, or until further order of this Court."

After granting O&V's motion to extend the TRO, the trial court held a temporary injunction hearing on January 17, 2017. O&V argued that the district court had dominant jurisdiction over any justice court eviction proceeding that Midway might file, and that the declaratory relief O&V sought regarding rent credits was inextricably intertwined with whether it was entitled to possession under the lease.

Midway responded that the doctrine of dominant jurisdiction was not applicable because the justice court has exclusive jurisdiction over an eviction proceeding that does not involve a title dispute. Midway further contended that the exclusive jurisdiction in the justice court provided O&V with an adequate remedy at law, making the granting of an injunction from filing suit in that court an abuse of discretion.

Thereafter, the trial court signed a temporary injunction order that enjoined Midway from

> taking any action to deprive [O&V] of its right to unfettered access and possession of the premise, including but not limited to: posting any signs on the premise relating to [O&V], from changing any locks, from removing any merchandise or property from the premise, *or from filing any legal action seeking to dispossess [O&V] of its right to access and conduct business at the New Leased Premise* from the date of entry of this order until a judgment is enter in

the Declaratory Judgment action pending in this Court. (Emphasis added).

Thereafter, Midway filed this interlocutory appeal,[1] contending that the trial court's order was an abuse of discretion.

## PROPRIETY OF TEMPORARY INJUNCTION

In two related issues on appeal, Midway contends that

> [t]he trial court abused its discretion by granting a temporary injunction that prevents Midway from filing an eviction lawsuit in a justice court since such courts have exclusive jurisdiction over evictions unless there is a title dispute, unlike the declaratory judgment claim regarding rent credits brought by O&V[,] and

> [t]he trial court erred in granting a temporary injunction because O&V has an adequate remedy at law to defendant an eviction, including appealing de novo to the county court at law, any judgment giving Midway the immediate right of possession.

### *Standard of Review and Applicable Law*

Whether to grant a temporary injunction lies within the trial court's sound discretion. *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We will not reverse the trial court's order unless the trial court's action was "so arbitrary that it exceeded the bounds of reasonable discretion." *Id.* One way that a trial court abuses its discretion is to apply the law erroneously to undisputed facts. *Id.* A trial court has no 'discretion' in determining what the law is or applying the law to the facts. *Walker v.*

---

1. A person may appeal from an interlocutory order of a district court ... that ... grants or refuses a temporary injunction[.] Tex. Civ.

PRAC. & REM. CODE § 51.014(a)(4) (West Supp. 2015).

*Packer*, 827 S.W.2d 833, 840 (Tex. 1992). An injunction so broad that it enjoins a defendant from a lawful and proper exercise of his rights is an abuse of discretion. *Coyote Lake Ranch, LLC v. City of Lubbock*, 498 S.W.3d 53, 65 (Tex. 2016).

 To obtain a temporary injunction, an applicant must plead and prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An injury is not irreparable if the applicant has an adequate remedy at law. *Henry v. Cox*, 483 S.W.3d 119, 137 (Tex. App.—Houston [1st Dist.] 2015, pet. granted); *see also McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984) ("A temporary injunction will not be granted where there is a plain and adequate remedy at law.").

### Analysis

On appeal, Midway argues that the trial court abused its discretion "in concluding that dominant jurisdiction analysis was a legitimate legal basis to enjoin Midway from exercising its right to file an eviction lawsuit in justice court and seek an order for the immediate right of possession[.]" Specifically, Midway attacks the third element of a temporary injunction, i.e., irreparable injury. Midway contends that O&V cannot, as a matter of law, show an irreparable injury because it has an adequate remedy at law by way of defending itself in an eviction proceeding in the justice court.

In support of its position, Midway relies on *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). In *McGlothlin*, the tenant sought a temporary injunction in district court to prevent his landlord from evicting him by way of a previously filed eviction suit in justice court. *Id.* at 232. The district court granted the injunction, which the

appeals court affirmed, but the Texas Supreme Court reversed, holding as follows:

> For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. There is no showing that the justice court would be without jurisdiction in this case. This suit is merely a landlord-tenant dispute over possession of the leased premises. Kliebert concedes that title to the premises is not an issue. Therefore, the only way Kliebert could entitle himself to relief in the district court is to show facts that existed which prevented Kliebert from making his defense at law in the justice court.
>
> A temporary injunction will not be granted where there is a plain and adequate remedy at law. The court of appeals and district court erred when they held that Kliebert had no adequate remedy at law. The Legislature has provided Kliebert with an adequate remedy at law. The forcible entry and detainer proceeding is a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises. Kliebert's adequate remedy at law is to defend himself in the justice court suit. The justice court can construe the lease and hear Kliebert's arguments to determine who had the right of possession. Therefore, the district court erred in granting the temporary injunction because Kliebert had an adequate remedy at law and, therefore, failed to allege a sufficient foundation for the awarding of a temporary injunction.

*Id.* (internal citations omitted).

 We agree that *McGlothlin* controls the outcome of this case. In Texas, the method for determining the right to

possession of real property, if there is no unlawful entry, is the action of forcible detainer. *TMC Med., Ltd. v. Lasaters French Quarter P'ship*, 880 S.W.2d 789, 790 (Tex. App.—Tyler 1993, writ dism'd w.o.j.) Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located. TEX. PROP. CODE ANN. § 24.004 (West 2014). A justice court has exclusive jurisdiction to decide the issue of immediate possession, which may not be infringed upon as long as the justice court merely determines possession. *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.). A district court may, however, enjoin the exercise of the justice court's exclusive jurisdiction in a forcible detainer action if there is a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. *McGlothlin*, 672 S.W.2d at 232. If the right to immediate possession necessarily requires resolution of a title dispute, then the justice court has no jurisdiction and can be properly enjoined. *See Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) (citing *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied)).

The parties in this case agree that there is no title dispute in this case; this is simply a rent dispute, and the only issue is whether O&V is entitled to rent credits that would render them current on their payments to Midway and entitled to possession of the premises. Because there is no issue regarding title, under *McGlothlin*, the district court cannot enjoin an action in justice court, and O&V has an adequate remedy, i.e., it can raise the issue of rent credits as a defense to Midway's eviction proceeding in justice court.

Nevertheless, O&V contends that *McGlothlin* is distinguishable because, in *McGlothlin*, there was a previously pending eviction proceeding in justice court before the injunction was granted, but, in this case, O&V filed suit in district court and obtained an injunction before Midway was able to file an eviction suit in justice court. We disagree.

The court of appeals in Waco has considered and rejected this very argument. In *TMC Medical, Ltd.*, 880 S.W.2d at 791, the appellant argued that *McGlothlin* was distinguishable because, in that case, the challenged injunction was directed to pending actions in the justice court, while, in the case on appeal, no eviction action had been filed at the time the injunction was issued. The court of appeals held that *McGlothlin* was not distinguishable, stating:

> Though the distinction exists, it is irrelevant. This is not a case in which two courts have concurrent jurisdiction, and the first to take jurisdiction retains it to the exclusion of the other. *McGlothlin*'s language respecting the "justice court's exclusive jurisdiction" is a clear reference to such court's unique competence to adjudicate eviction proceedings. Were [the tenant]'s reading of *McGlothlin* accepted, on the other hand, the justice court could always be outed of its exclusive jurisdiction by resort to a pre-emptive action for declaratory judgment in a court of record.

*Id.* (op. on r'hng).

We agree that *McGlothlin* is indistinguishable on this ground. Whether the landlord has already instituted an eviction action in justice court before the district court's injunction, or whether the landlord has been prevented from instituting an eviction action in justice court by the district court's injunction, is irrelevant. The reasoning behind *McGlothlin* is the same in both situations. The district court cannot interfere with or prohibit the justice court from exercising its exclusive jurisdic-

tion over evictions, absent a dispute as to title.

Because there is no title dispute involved, and the case is "merely a landlord-tenant dispute over possession of the leased premises," the district court abused its discretion by entering the temporary injunction because O&V has an adequate remedy at law; it can "defend [itself] in the justice court suit" that Midway seeks to file. *See McGlothlin,* 672 S.W.2d at 232–33; *see also Design Ctr. Venture v. Overseas Multi-Projects Corp.,* 748 S.W.2d 469, 473 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (holding that trial court abused its discretion by granting temporary injunction prohibiting landlord from "pursuing any legal or equitable action" based on any violation of the leases because "[tenant] has an adequate remedy at law as a forcible entry and detainer action in justice court."). Because O&V Venture has an adequate remedy at law, it cannot, as a matter of law, show the third element required to obtain a temporary injunction, i.e., irreparable injury.

Accordingly, we sustain Midway's two related issues on appeal.

## CONCLUSION

We reverse the trial court's temporary injunction order of January 17, 2017, and remand the case for further proceedings.