

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00316-CV

**LAREDO JET CENTER, LLC**,
Appellant

v.

**CITY OF LAREDO**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2016CVF003042D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  July 25, 2018

VACATED IN PART, REVERSED AND REMANDED IN PART, AFFIRMED IN PART

Laredo Jet Center, LLC, a tenant at the City of Laredo's airport, appeals a summary judgment the trial court rendered in favor of the City. The trial court's summary judgment declared Laredo Jet breached a lease, declared the City validly terminated the lease, and ordered Laredo Jet to vacate the leased premises. The trial court also dismissed Laredo Jet's claims against the City for breach of contract, promissory estoppel, and quantum meruit. We vacate the trial court's order that Laredo Jet vacate the leased premises, reverse and remand as to Laredo Jet's quantum meruit claim, and affirm the remainder of the trial court's judgment.

## FACTUAL BACKGROUND

As part of a lease with the City, Laredo Jet had been performing fixed-based operations at the Laredo International Airport since approximately 2009. Part of Laredo Jet's activities involved servicing and refueling aircraft and subleasing space. In 2014, the City and Laredo Jet discussed a contract under which Laredo Jet would demolish an existing hangar and rebuild a larger hangar. According to Laredo Jet, it communicated to the City that its financiers required a forty-year lease and the airport manager, Jose Flores, assured Laredo Jet that such a lease term would be acceptable.

In 2014, Laredo Jet and the City entered into a lease agreement for a term of three years. Under the 2014 lease, Laredo Jet agreed to complete plans and specifications for replacing the hangar by March 1, 2015, demolish the current hangar by March 1, 2016, and construct the replacement hangar by August 1, 2017. Laredo Jet alleged it provided financial backing documents specifying a forty-year lease term was necessary and that the City accepted the documentation and authorized Laredo Jet to proceed.

In 2015, Laredo Jet and the City entered into a second lease agreement for a term of thirty years; the 2015 lease was contingent upon Laredo Jet constructing the new hangar by August 1, 2017, as required by the 2014 lease. According to Laredo Jet, its managing partner, John Holler, spoke with Flores, who asked Holler to sign the lease with a thirty-year term. When Holler insisted on a forty-year lease, Flores allegedly told Holler to "just sign and we will take care of it later." Laredo Jet alleged Flores's assurances induced Holler to sign the lease with a thirty-year term. The City never approved extending the lease another ten years.

Meanwhile, Laredo Jet ceased its operations in the leased space to proceed with demolishing the existing hangar under the 2014 lease and ceased making rent payments pursuant to a provision of the 2014 lease that provided for an abatement of rentals. Laredo Jet initially paid rent under protest for several months before ceasing rental payments altogether.

In 2016, Laredo Jet met with Laredo's City Manager, Jesus Olivares, who allegedly stated the forty-year lease term would be "an easy fix by adding a 10-year extension option" and made other assurances to Laredo Jet. Laredo Jet did not begin constructing the new hangar because "financing has not been completed due to the lack of the promised 40-year lease term." In December 2016, the City sent Laredo Jet a Final Notice of Default. Laredo Jet alleged that because of the City's failure to approve a forty-year lease term, it became impossible to complete construction of the new hangar by the August 1, 2017 deadline.

### PROCEDURAL BACKGROUND

Laredo Jet sued the City, alleging claims for breach of contract, promissory estoppel, and quantum meruit, among others. The City filed an answer, generally denying Laredo Jet's allegations and countersuing Laredo Jet for breach of contract. The City also requested a declaratory judgment that Laredo Jet is in default under the 2014 lease, the 2014 lease is terminated, and that Laredo Jet must vacate the premises.

The City filed a traditional motion for summary judgment. The City argued (1) quantum meruit is unavailable when there is an express contract; (2) the City may not be estopped into leasing space at the City's airport, the operation of which is a governmental function, by remarks made by city officials not authorized to enter into a contract; and (3) Laredo Jet breached the contract and, for purposes of Laredo Jet's breach of contract claim, did not perform or render performance. The City specifically argued Laredo Jet breached the contract by not paying rent and by not completing the construction of the new hangar. Laredo Jet filed a response, asserting estoppel is necessary to avoid unjustifiably harsh results and would not impair the City's governmental functions, quantum meruit is available even when there is an express contract, and there is a fact issue regarding its obligation to pay rent.

Laredo Jet attached numerous exhibits to its response. One of the exhibits is the affidavit of John Holler, Laredo Jet's managing partner. Holler's affidavit contained sworn statements about the factual background of this case. The City filed a motion to strike Holler's affidavit on the basis that Holler lacked personal knowledge of the facts sworn to in the affidavit. The clerk's record does not contain a signed order on the City's motion to strike, and no reporter's record was filed.

The trial court granted the City's motion and rendered a final, summary judgment. The trial court declared Laredo Jet is in default, the City validly terminated the lease, and that Laredo Jet must vacate the premises and surrender all airport security badges within 30 days. The judgment also dismissed Laredo Jet's causes of action and claims with prejudice. Laredo Jet filed a timely notice of appeal.

### TRIAL COURT'S JURISDICTION

The City requested that the trial court, which is a district court, order Laredo Jet to vacate the leased premises, and the trial court granted the requested relief in its final judgment. However, "[a] justice court has exclusive jurisdiction to decide the issue of immediate possession," and other courts may not infringe upon this exclusive jurisdiction. *Midway CC Venture I, LP v. O&V Venture, LLC*, 527 S.W.3d 531, 535 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.) (explaining the purpose of forcible entry and detainer actions and justice courts' exclusive jurisdiction to determine these causes of action); *see, e.g.*, *Midway CC Venture I*, 527 S.W.3d at 532, 535 (landlord filed forcible detainer action in justice court after obtaining a declaratory judgment in district court, and justice court had exclusive jurisdiction over the issue of immediate possession). We conclude the trial court lacked jurisdiction to determine the issue of immediate possession and therefore vacate the portion of the trial court's judgment ordering Laredo Jet to vacate the leased premises. *See James v. Underwood*, 438 S.W.3d 704, 713 (Tex. App.—Houston

[1st Dist.] 2014, no pet.) ("Whether a trial court has subject-matter jurisdiction is a threshold inquiry that can be addressed by the court sua sponte and at any time.").

## MOTION FOR SUMMARY JUDGMENT

On appeal, Laredo Jet reiterates the issues it presented in response to the City's motion for summary judgment. Laredo Jet argues the trial court erred by granting the City summary judgment on Laredo Jet's claims for promissory estoppel, breach of contract, and quantum meruit. Laredo Jet also argues the trial court should have considered the affidavit of John Holler and not considered the City's motion to strike his affidavit.

We note at the outset that in the trial court, Laredo Jet's response did not expressly respond to the City's motion for the summary judgment on the City's breach of contract and declaratory judgment claims. On appeal, we may not consider issues as grounds for reversal unless those issues are expressly presented in response to the motion for summary judgment. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). We therefore address the issues expressly raised in Laredo Jet's brief on appeal and summary judgment response and, unless there is an issue that is both meritorious and precludes summary judgment on the City's breach of contract and declaratory judgment claims, we must affirm the judgment as to those claims. *See* TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341.

### A. Standard of Review

"We review a summary judgment de novo." *City of San Antonio v. San Antonio Express-News*, 47 S.W.3d 556, 561 (Tex. App.—San Antonio 2000, pet. denied). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We take as true all evidence favorable to the nonmovant and "indulge every reasonable inference and resolve any doubts in the

nonmovant's favor." *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of San Antonio*, 47 S.W.3d at 561.

## B. Motion to Strike Holler's Affidavit

Laredo Jet argues Holler's affidavit is admissible summary judgment evidence. The trial court did not expressly rule on the City's motion to strike, and nothing in the record indicates the trial court granted the motion and excluded Holler's affidavit. *Cf. Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (holding this court will not imply rulings on objections to summary judgment evidence). Thus, we presume the trial court considered Holler's affidavit in ruling on the City's motion for summary judgment. *See id.*

## C. Promissory Estoppel

Laredo Jet alleged the City's officials promised that the City council would approve a forty-year lease term, which was essential to Laredo Jet obtaining financing to timely build the new hangar. Laredo Jet sought relief in the trial court, asking that the trial court enforce the City's promise to approve a forty-year lease term. In its motion for summary judgment, the City argued applying estoppel would interfere with its governmental functions by estopping the City into accepting terms of an airport lease. Laredo Jet argues justice requires the application of estoppel and asserts that the application of estoppel would not impair a governmental function.

"[E]ven if justice requires estoppel, a city will not be estopped if doing so would interfere with its ability to perform its governmental functions." *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 776 (Tex. 2006) (citing *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex. 1970)). To determine whether the application of estoppel would interfere with a city's ability to perform its governmental functions, we "first determine what municipal governmental functions, if any, would be affected by estopping the city." *Id.*

"Governmental functions" include "those that are public in nature and performed by the municipality as the agent of the State in furtherance of general law for the interest of the public at large." *Id.* (internal quotation marks omitted). Traffic control is an example of a function that is governmental in nature. *See id.* (citing *City of Arlington v. Lillard*, 116 Tex. 446, 294 S.W. 829, 830 (1927), which concerned automobile traffic). The operation of an airport is also a governmental function. *See id.* (defining governmental functions by reference to the 1987 amendment to the Tort Claims Act); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(10) (West Supp. 2017) (defining governmental functions as including airports). Additionally, exercising "discretion in determining how to best protect the public's safety" is a governmental function. *City of White Settlement*, 198 S.W.3d at 777-78.

Laredo Jet asserts without explanation, "No governmental function – the overall operation of the Airport – is impaired through the application of estoppel." However, the application of estoppel would require estopping the City into accepting an airport lease regarding fixed-based operations involving the servicing and refueling of aircraft and would limit the City's decisions in operating its airport, as well as its discretion in determining how to best protect the public's safety regarding airport traffic. We hold the City conclusively established that the application of estoppel would interfere with its ability to perform its governmental functions. *See id.* Thus, the trial court did not err by rendering summary judgment on Laredo Jet's promissory estoppel claim.

**D. Laredo Jet's Breach of Contract Claim**

Laredo Jet alleged the City breached the 2014 lease. In its motion for summary judgment, the City argued there was no basis for a breach of contract claim against the City because the City did not breach any provision of the lease. Laredo Jet argues the City breached the 2014 lease by not approving a forty-year lease term. A breach of contract claim requires that the plaintiff prove "the defendant breached the contract." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex.

App.—San Antonio 2002, no pet.). The City produced the 2014 lease, which provides the written contract is the parties' entire agreement and does not contain a promise to approve a forty-year lease term. Because the evidence conclusively establishes the 2014 lease did not require the City to approve a forty-year lease term, the trial court did not err by rendering summary judgment on Laredo Jet's breach of contract claim.

**E. Quantum Meruit**

In the trial court, Laredo Jet requested recovery in quantum meruit, alleging the City had accepted services from Laredo Jet for demolition of the existing hangar. To recover in quantum meruit, the plaintiff must show that (1) it performed directly for the defendant; (2) the performance was of value; (3) the defendant accepted and retained the benefit of the plaintiff's partial performance; (4) the defendant was unjustly enriched as a result of the performance; and (5) to allow the defendant to retain the benefit would unjustly penalize the plaintiff. *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988); *Garcia v. Kastner Farms, Inc.*, 789 S.W.2d 656, 661 (Tex. App.—Corpus Christi 1990, no writ).

In its motion for summary judgment, the City did not challenge any of the elements of quantum meruit. Instead, the City argued Laredo Jet could not recover in quantum meruit when there is an express contract covering the services performed. "As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly*, 744 S.W.2d at 936. However, there is an exception for "building or construction contracts." *Id.* at 937. When the plaintiff partially performs a construction contract and the defendant accepts partial performance, the measure of damages is the value of the services rendered less damages to the defendant as a result of the plaintiff's breach. *Colbert v. Dall. Joint Stock Land Bank of Dall.*, 129 Tex. 235, 241, 102 S.W.2d 1031, 1034 (1937).

Although the evidence conclusively establishes the 2014 lease is an express contract covering Laredo Jet's demolition of the hangar, the 2014 lease involves construction. Laredo Jet produced evidence showing it demolished the existing hangar, which cleared space for construction of the new hangar. We hold the City failed to conclusively establish its entitlement to judgment as a matter of law on Laredo Jet's quantum meruit claim. Thus, the trial court erred by granting the City summary judgment on Laredo Jet's quantum meruit claim.

**F. The City's Breach of Contract & Declaratory Judgment Claims**

On appeal, Laredo Jet does not argue that the City failed to meet its summary judgment burden with regard to the City's breach of contract or declaratory judgment claims. As we noted at the outset of our discussion of the City's motion for summary judgment, Laredo Jet's summary judgment response did not directly challenge the City's breach of contract or declaratory judgment claims. *See McConnell*, 858 S.W.3d at 341. Laredo Jet indirectly challenged those claims by arguing the City breached the contract and that it performed its obligations under the contract. However, we have concluded the trial court properly granted summary judgment on Laredo Jet's breach of contract claim because the City conclusively established it did not breach the 2014 lease.

Furthermore, the City's breach of contract and declaratory judgment claims were based on two breaches: (1) Laredo Jet's failure to pay rent; and (2) Laredo Jet's failure to timely complete construction of the new hangar. In its summary judgment response, Laredo Jet argued only that it was not required to pay rent and did not expressly present any issue in response to the City's alleged breach that Laredo Jet failed to timely complete construction of the new hangar. Although Laredo Jet argued in summary judgment response that the City was not entitled to summary judgment on its promissory estoppel claim, Laredo Jet did not raise estoppel as an affirmative defense to the City's breach of contract claim. *See id.* Laredo Jet has also not explained how the City failed to satisfy its summary judgment burden with regard to the City's breach of contract and

declaratory judgment claims.[1] We therefore cannot say the trial court erred by granting the City summary judgment on its breach of contract and declaratory judgment claims.

## CONCLUSION

We vacate the portion of the trial court's judgment that orders Laredo Jet to vacate the leased premises because the trial court lacked subject matter jurisdiction to render the order. We reverse the portion of the trial court's judgment dismissing Laredo Jet's quantum meruit claim and cause of action, and remand the claim and cause of action to the trial court for further proceedings. The remainder of the trial court's judgment is affirmed.[2]

Luz Elena D. Chapa, Justice

---

[1] After both parties filed their briefs on appeal, Laredo Jet filed a motion to substitute counsel and requested an opportunity to re-brief the appeal. In the interests of justice, we granted the motion in part to allow Laredo Jet to add citations to the appellate record and to include a broad point to challenge all grounds with respect to the issues Laredo Jet had already raised regarding its causes of action and claims. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). But in balancing the parties' competing interests, we did not permit Laredo Jet to add new issues or arguments that would require the City to re-brief this case.

[2] The City filed its brief with an exhibit containing a municipal ordinance that was not contained in the summary judgment record, and Laredo Jet moved to strike the exhibit. Because the exhibit is immaterial to the issues presented in the trial court and on appeal, we deny the motion to strike as moot.