

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00704-CV

Dalila **AGIZA**,
Appellant

v.

**T-SLASH-BAR TEXAS, LTD.**,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI11462
Honorable Benjamin Robertson, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: May 29, 2026

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

In multiple issues, pro se appellant Dalila AGiza appeals the trial court's order denying her

motions to (1) reconsider the dismissal of her claims pursuant to Texas Rule of Civil Procedure

91a against appellee T-Slash-Bar Texas, Ltd., and (2) reinstate a temporary restraining order. In

her remaining issues, AGiza makes various complaints including dismissal of other parties, parties

drafting proposed orders, the court's presiding system, the denial of the right to trial despite her

claims being dismissed, and the court's docket sheet entries. As explained below, we affirm in

part, reverse in part, and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

AGiza's lawsuit arises out of a contractual agreement with T-Slash-Bar to board her horse. AGiza's third amended petition, the live pleading for purposes of this appeal, contends T-Slash-Bar engaged in or refrained from conduct resulting in injury not only to her horse but to AGiza herself.

T-Slash-Bar sought dismissal of AGiza's claims through a Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a. The trial court granted T-Slash-Bar's Rule 91a motion dismissing AGiza's claims. AGiza filed a motion for reconsideration. Before the hearing to reconsider the Rule 91a dismissal, AGiza obtained a temporary restraining order ("TRO") that was soon thereafter vacated. AGiza sought to reinstate the TRO, but the trial court denied both AGiza's motion to reinstate the TRO and her motion to reconsider the Rule 91a dismissal of her claims. The trial court also denied other miscellaneous motions AGiza filed prior to the hearing. AGiza timely appeals the trial court's Rule 91a dismissal order and order denying her motion to reinstate the TRO and her other miscellaneous motions.

On appeal, AGiza presents the following ten issues:

1. Whether the trial court erred in dismissing defendants who were neither present nor accurately represented in their individual and professional capacities, violating procedural rights and due process.

2. Whether the August 23, 2024, ruling granting dismissal under Rule 91a was improper due to missing case records, procedural confusion, and lack of updated filings.

3. Whether the trial court improperly denied AGiza's motion to reinstate on September 20, 2024, barring proper adjudication of pending motions.

4. Whether the trial court acted improperly by instructing opposing counsel to draft orders denying AGiza's pending motions without hearings.

5. Whether the 73rd District Court lacked jurisdiction to hear the case absent proper transfer orders from the originally assigned 57th District Court.

6. Whether the court's September 20, 2024, entry of "Final Judgment-Non-Jury Trial" violated AGiza's constitutional right to a jury trial.

7. Whether the trial court's closure of the case on August 23, 2024, was improper, given pending motions and incorrect case record disposition.

8. Whether the trial court improperly failed to correct significant record errors, denying due process and fair consideration of AGiza's claims.

9. Whether the trial court improperly vacated the August 28, 2024 TRO without following proper procedural safeguards.

10. Whether the August 14, 2024 ruling denying T-Slash-Bar's special exceptions contradicted the August 23, 2024 Rule 91a dismissal.

Based on our interpretation of AGiza's[1] issues, we categorize them into two sections—the Rule 91a dismissal and the vacatur of the TRO—and address those issues collectively within the two sections. We address any remaining issues in a third section of this opinion.

## RULE 91a DISMISSAL OF CLAIMS

Considering issues two, three, seven, and ten, AGiza's overall complaint pertains to whether the trial court erred in dismissing her claims pursuant to Rule 91a. *See* TEX. R. CIV. P. 91a.

### A. Standard of Review and Applicable Law

Rule 91a provides a procedure for dismissal of a case that has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief

---

[1] We appreciate that a party "should not lose its right to appeal based on an unduly technical application of procedural rules." *Willis v. Donnelly*, 199 S.W.3d 262, 270 (Tex. 2006). Nevertheless, even though AGiza is pro se, the Texas Rules of Appellate Procedure require adequate briefing, and the failure to comply with these rules can result in waiver. *See* TEX. R. APP. P. 38.1; *Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) ("Failure to provide citations or argument and analysis as to an appellate issue may waive it.").

sought." *Id*. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*. We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

A Rule 91a motion to dismiss must "state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (citing TEX. R. CIV. P. 91a.6).

We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, accept the plaintiff's factual allegations as true, and, if needed, draw reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied) (citing TEX. R. CIV. P. 91a.1).

### B. Live Pleading

AGiza filed her third amended petition on August 15, 2024, and the trial court heard the motion to dismiss on August 20, 2024. Because AGiza amended her causes of action more than three days before the date of the hearing, T-Slash-Bar could elect, before the date of the hearing, to (1) withdraw its motion; (2) amend its motion directed to the amended causes of action; or (3) stand on its motion. *See* TEX. R. CIV. P. 91a.5(b). Absent an agreement of the parties, the trial court was required to rule on the motion[2] unless T-Slash-Bar withdrew its motion or AGiza timely nonsuited the challenged claims. *See id*. R. 91a.5(a), (c).

---

[2] We note T-Slash-Bar filed an amended Rule 91a motion to dismiss; however, its amended motion was filed prior to AGiza filing her third amended petition. For purposes of this appeal, we refer to T-Slash-Bar's amended Rule 91a motion to dismiss generally without reference to it being amended.

Put to an election of withdrawing or amending its motion, T-Slash-Bar chose instead to stand on its existing motion. Therefore, the trial court's mandatory consideration of the motion required the trial court to apply the factual allegations and alleged causes of action contained in AGiza's live pleading—her third amended petition—to T-Slash-Bar's pending motion to dismiss. Consequently, our de novo review likewise considers the factual allegations and causes of action alleged in AGiza's third amended petition. *See In re Farmers*, 621 S.W.3d at 266.

According to her third amended petition, AGiza raised six causes of action: breach of contract, negligence, defamation, intentional infliction of emotional distress, conspiracy to intimidate, and racial discrimination. We review them separately below.

*C. Analysis*

1. <u>Breach of Contract</u>

AGiza pleaded for the first time in her third amended petition that T-Slash-Bar breached the horse boarding services contract. Specifically, AGiza claims that contrary to the terms of the contract, for example, the condition of the facilities was unsafe, she was not notified of injuries to her horse, and unauthorized persons oversaw the care of her horse, all causing her financial loss.

To establish a breach of contract, a plaintiff must show (1) a valid contract exists between the parties, (2) plaintiff tendered performance, (3) defendant breached the contract terms, and (4) damages resulted from the breach. *AMS Const. Co., Inc. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd).

As referenced above, T-Slash-Bar's Rule 91a motion is based on AGiza's prior petitions, not her live pleading. AGiza's third amended petition added the new breach of contract cause of action. T-Slash-Bar did not, however, amend its Rule 91a motion to challenge AGiza's new breach

of contract claim. *See* TEX. R. CIV. P. 91a.5(c). Yet, when the trial court dismissed all of AGiza's causes of action under Rule 91a—it also dismissed AGiza's unchallenged breach of contract claim.

The trial court had no basis under Rule 91a to dismiss AGiza's unchallenged breach of contract claim. *See id.* R. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both."); *Medfin Manager, LLC v. Stone*, 613 S.W.3d 624, 631 (Tex. App.—San Antonio 2020, no pet.) (concluding the trial court erred by dismissing plaintiff's defamation, slander, and civil conspiracy causes of action added in its amended petition because defendant's original Rule 91a motion did not identify those causes of action).

We conclude the trial court erred in dismissing AGiza's breach of contract claim under Rule 91a.

2. <u>Negligence</u>

Under Texas law, "[t]he elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022).

In her third amended petition, AGiza alleged: (1) she signed a contract with T-Slash-Bar to board her horse; (2) on April 4, 2024, as a result of T-Slash-Bar's employee's alleged improper handling of her horse—"fail[ing] to halter horse while navigating the horse to and from the stall"—her horse suffered a significant hip injury; and (3) on May 15, 2024, her horse suffered an additional hip injury due to unsafe conditions and mishandling her horse, resulting in veterinary expenses. AGiza further claimed T-Slash-Bar used expired medication causing her horse injury and causing her significant financial and emotional damages.

Based on our de novo review, AGiza's third amended petition alleges that despite T-Slash-Bar's duty to care for her horse while boarding it, her horse suffered injuries as a direct result of T-Slash-Bar's employees' negligent actions, resulting in damages. *See Elephant Ins.*, 644 S.W.3d at 144 (providing elements of negligence); *see also Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (recognizing long-standing precedent that "a common law duty to perform with care and skill accompanies every contract and that the failure to meet this implied standard might provide a basis for recovery in tort, contract, or both under appropriate circumstances").

As plead in her live pleading, AGiza's negligence claim provides factual allegations, that if taken as true, would entitle AGiza to relief, thereby establishing the cause of action has both a basis in law and fact.[3] *See* TEX. R. CIV. P. 91a.1.

Thus, we conclude the trial court erred in dismissing AGiza's negligence claim under Rule 91a.

### 3. Defamation

A defamation action requires (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015).

AGiza alleges in her third amended petition that: (1) a third party, a friend of a T-Slash-Bar employee, made false statements regarding her son flooding the hose station; (2) she had a contentious encounter with another person when AGiza confronted the third party to refute the statement about her son; and that (3) one of the T-Slash-Bar employees contacted the employee's supervisor and falsely accused AGiza of threatening her, allegedly causing the supervisor to

---

[3] We express no opinion on whether any affirmative defenses may preclude AGiza's recovery for her negligence claim. Here, we only determine whether AGiza's negligence pleading survives a Rule 91a motion to dismiss.

approach AGiza yelling for her to leave T-Slash-Bar in front of other employees and bystanders. AGiza also plead, without further detail, that a T-Slash-Bar employee approached her claiming the employee and her daughter "were responsible for spreading the false statements."

Based on our review of her allegations, AGiza does not identify any defamatory statement made by T-Slash-Bar to a third party. Rather, many of AGiza's allegations involve third-party statements, not statements from T-Slash-Bar. Additionally, the allegation that a T-Slash-Bar employee contacted her supervisor and falsely accused AGiza of threatening her would involve a statement made to another T-Slash-Bar employee, not to a third-party. With respect to the T-Slash-Bar employee telling AGiza that she and her daughter were responsible for spreading false statements about AGiza, this statement was made to AGiza. AGiza plead no additional facts identifying a third-party who heard these statements or what these alleged "false statements" contained. Because AGiza's third amended petition alleges too few facts to demonstrate a viable, legally cognizable right to relief, her defamation claim is without a basis in law. *See* TEX. R. CIV. P. 91a.1; *see also Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App. 2015) (concluding that a cause of action has no basis in law under Rule 91a if the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief).

We conclude that the trial court did not err in granting T-Slash-Bar's Rule 91a motion to dismiss AGiza's defamation claim.

### 4. Intentional Infliction of Emotional Distress

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4)

the resulting emotional distress was severe. *Hoffmann-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004).

To establish that a defendant's conduct was extreme and outrageous, the plaintiff must ultimately prove at trial that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffman-LaRoche*, 144 S.W.3d at 445 (citations omitted). Tortious, insensitive, malicious, rude, or otherwise wrongful conduct, without more, is insufficient. *See Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002); *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999). Mere insults or indignities do not rise to the necessary level of extreme and outrageous conduct. *See Sears*, 84 S.W.3d at 610; *Bruce*, 998 S.W.2d at 612. Additionally, to support the claim, the plaintiff must suffer emotional distress so severe that no reasonable person could be expected to endure it. *See Bruce*, 998 S.W.2d at 618.

AGiza's third amended petition alleges that because of T-Slash-Bar's actions, "including neglect, defamation, and racial discrimination," she suffered "emotional pain, suffering, and mental anguish." Conclusory allegations such as these do not plead facts demonstrating extreme and outrageous conduct required to maintain an intentional infliction of emotional distress claim. *See Sears*, 84 S.W.3d at 610; *Bruce*, 998 S.W.2d at 612. Moreover, AGiza failed to describe how her alleged emotional distress was so severe that no reasonable person could be expected to endure it. *See Bruce*, 998 S.W.2d at 618.

We conclude that the trial court did not err in granting T-Slash-Bar's Rule 91a motion to dismiss AGiza's intentional infliction of emotional distress claim.

5. <u>Conspiracy to Intimidate</u>

With respect to AGiza's claim, titled "Conspiracy to Intimidate," we assume she is referring to a civil conspiracy cause of action. To recover for civil conspiracy, a plaintiff must show "(1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

"[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). In other words, it is a derivative tort. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). "An actionable civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means." *See Parker*, 514 S.W.3d at 222 (citations omitted). "This inherently requires a meeting of the minds on the object or course of action." *Id*. "Thus, an actionable civil conspiracy exists only as to those parties who are aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement." *Id*.

AGiza's factual allegations pertaining to her conspiracy claim are sparse. Nevertheless, we need not determine whether they have a basis in law or fact, as AGiza's third amended petition fails to include an actionable tort that would support a potential conspiracy claim. *See Tilton*, 925 S.W.2d at 681; *see also Agar Corp.*, 580 S.W.3d at 142.

We conclude the trial court did not err in granting T-Slash-Bar's Rule 91a motion to dismiss AGiza's civil conspiracy or "conspiracy to intimidate" claim.

6. <u>Racial Discrimination</u>

AGiza's third amended petition alleges T-Slash-Bar racially discriminated against her by violating civil rights laws, terminating her contract, refusing to address her concerns, refusing to separate her horse to identify the horse that bit her horse, and drawing discriminatory gestures and images on a board in a common area. AGiza asserts she was treated differently than non-African-Americans. However, AGiza's pleadings did not reference any recognized independent cause of action for racial discrimination under Texas law, and we have found none outside the employee-employer context.

Further, on appeal, AGiza does not point us to any authority, statutory or common law, to support an independent, actionable racial discrimination claim under Texas law. *See* TEX. R. APP. P. 38.1(i) (requiring a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Thus, we cannot conclude the trial court erred in granting T-Slash-Bar's Rule 91a motion to dismiss AGiza's racial discrimination claim.

*D. Summation of Rule 91a Dismissal Rulings*

With respect to AGiza'a second, third, seventh, and tenth issues as they pertain to the Rule 91a dismissal of her claims as reflected in the trial court's August 23, 2024 order, we overrule her issues regarding the dismissal of her defamation, intentional infliction of emotional distress, conspiracy to intimidate, and racial discrimination claims. We sustain AGiza's appellate issues pertaining to the dismissal of her breach of contract and negligence claims.

**TEMPORARY RESTRAINING ORDER**

In her ninth issue, AGiza argues the trial court improperly vacated an ex parte temporary restraining order ("TRO"), because it failed to follow "proper procedural safeguards."

*A. Standard of Review and Applicable Law*

We review temporary injunctions for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204. "An injury is not irreparable if the applicant has an adequate remedy at law." *Midway CC Venture I, LP v. O&V Venture, LLC*, 527 S.W.3d 531, 534 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

*B. Applicable Facts*

Following the trial court's grant of T-Slash-Bar's Rule 91a motion dismissing AGiza's claims on August 23, 2024, which was a final and appealable order, AGiza filed a motion to reconsider the dismissal along with other motions. In a separate proceeding,[4] T-Slash-Bar sought eviction of AGiza's horse from its boarding facility. The forceable detainer trial was set for September 5, 2024. However, prior to the eviction trial in the justice court and the hearing on AGiza's motion to reconsider the Rule 91a dismissal of her claims filed in the underlying proceeding, AGiza filed an application for an ex parte TRO on August 28, 2024. That same day, a different trial judge than the trial judge who granted the Rule 91a dismissal, presiding over presiding court granted the TRO enjoining T-Slash-Bar from, among other things, evicting or removing AGiza or her horse from its boarding facility. The order set a hearing to determine whether an injunction needed to be issued in place of the TRO noting that despite AGiza's assertion that she notified T-Slash-Bar of the TRO hearing, T-Slash-Bar did not appear.

---

[4] *T-Slash-Bar Texas Ltd. v. AGiza*, Cause No. 11E2403435, Precinct 1, Place 1 of the Justice of the Peace Courts of Bexar County, Texas.

Two days later, T-Slash-Bar filed a motion to dissolve and vacate the TRO arguing AGiza's lawsuit had already been dismissed in a final appealable order[5] and nevertheless, AGiza failed to satisfy her burden to obtain a TRO, as the justice court possessed exclusive jurisdiction over the eviction proceeding. T-Slash-Bar added that because AGiza was aware of the pending eviction proceedings, she could defend against the eviction from the boarding facility in that proceeding. T-Slash-Bar also clarified that AGiza's representation that she notified T-Slash-Bar of the TRO application and hearing was false. Rather, T-Slash-Bar did not receive notice of the TRO until after its issuance. On September 4, 2024, a third judge presiding over presiding court vacated the August 28, 2024 TRO.

On September 10, 2024, a fourth, visiting judge held the previously schedule hearing to determine whether to grant a temporary injunction. T-Slash-Bar notified the visiting judge that the TRO had been vacated on September 4, 2024. AGiza claimed she did not receive notice of the hearing to vacate the TRO or its subsequent dissolution. To the contrary, T-Slash-Bar claimed it attempted to notify her several times. Upon showing the visiting judge evidence of T-Slash-Bar's attempt to notify AGiza, the visiting judge declined to disturb the September 4, 2024 ruling vacating the TRO.

In response, AGiza filed a motion to vacate the trial court's September 4, 2024 order that vacated the TRO. During the hearing, the trial court stated justice courts have exclusive jurisdiction over eviction proceedings; and, an appeal of an eviction judgment is to a county court at law, not a district court.[6] Accordingly, on September 23, 2024, the trial court denied AGiza's motion to vacate the trial court's September 4, 2024 order vacating the TRO.

---

[5] It appears the trial judge that granted the TRO was unaware all of AGiza's claims had already been dismissed.
[6] This hearing was held by the Honorable Benjamin Robertson, who did not preside over any of the prior hearings or sign any of the prior orders in the case.

*C. Application*

"The jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo." *See In re Guzman*, No. 04-20-00589-CV, 2021 WL 2211458, at *2 (Tex. App.—San Antonio June 2, 2021, orig. proceeding) (mem. op.) (citing TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 510.10(c)). When there is no title dispute, as is the case here, but rather the case pertains to a dispute over possession of the leased premises, a district court abuses its discretion by entering a temporary injunction because an adequate remedy at law exists; the party can "defend [itself] in the justice court suit[.]" *Midway CC Venture I*, 527 S.W.3d at 536 (citations omitted). "[O]ther courts may not infringe upon" a justice court's exclusive jurisdiction to decide issues of immediate possession. *Laredo Jet Ctr., LLC v. City of Laredo*, No. 04-17-00316-CV, 2018 WL 3551255, at *2 (Tex. App.—San Antonio July 25, 2018, pet, denied) (mem. op.) (citing *Midway CC Venture I*, 527 S.W.3d at 536).

We agree the TRO order dealt with the issue of possession that should have been and was before the parallel proceedings in a justice court. Because the district court does not have jurisdiction over forcible detainer suits and ancillary issues arising from those suits, the district court here lacked jurisdiction to grant AGiza's application for a TRO that infringed on the justice court's exclusive jurisdiction. Therefore, that order was void, and we conclude the trial court did not err by vacating the void order granting AGiza's motion for a TRO. *See Butnaru*, 84 S.W.3d at 211; *Midway CC Venture I*, 527 S.W.3d at 536; *see also Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (explaining that a judgment is void "when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court").

We overrule AGiza's ninth issue.

## REMAINING APPELLATE ISSUES NOT DIRECTLY RELATED TO
## THE RULE 91a DISMISSAL OR THE TRO

Many of AGiza's appellate issues are difficult to understand. Nevertheless, we address them below to the extent we understand them, and they are not addressed in the sections above.

### A. Dismissal of Remaining Named Defendants

In her first issue, AGiza contends the trial court's order improperly dismissed her claims against the remaining named defendants despite their non-appearance. Because AGiza alleges the non-appearing defendants were aware of the lawsuit, she argues they were part of the case.

"[J]urisdiction is dependent upon citation issued and served in a manner provided for by law." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (citations omitted). The Texas Rules of Civil Procedure set forth how to request citation and the methods of service in which a party must be served for the trial court to exercise jurisdiction over them. *See e.g.* TEX. R. CIV. P. 99, 106, 109, 109a. "Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act." *Wilson*, 800 S.W.2d at 837 (citations omitted).

Based on our review, nothing in the record suggests AGiza sought citation or served any defendant other than T-Slash-Bar. Moreover, we cannot locate anything within the record that any other defendant waived service or appeared, thereby becoming a party to the case subject to the trial court's jurisdiction. Thus, the only parties properly before the trial court were AGiza and T-Slash-Bar. As such, the trial court's August 23, 2024 order dismissing AGiza's claims against T-Slash-Bar pursuant to Rule 91a involved the only two parties the trial court had jurisdiction over—AGiza and T-Slash-Bar.

AGiza's first issue is overruled.

### B. Parties Drafted Proposed Orders

In her fourth issue, AGiza asserts the trial court delegated its judicial responsibilities and "acted improperly by instructing opposing counsel to draft orders" reflecting the trial court's oral rulings. AGiza argues the trial court delegated its judicial "decision-making" function and "created the appearance of partiality" in favor of T-Slash-Bar.

"It is not uncommon for a trial judge to ask a movant to draft an order incorporating the trial court's rulings on a motion." *Vadackaneth v. Asariyathu*, No. 05-21-00893-CV, 2023 WL 3881128, at *4 (Tex. App.—Dallas June 8, 2023, no pet.) (mem. op.) (citing *Goff v. Tuchscherer*, 627 S.W.2d 397, 398 (Tex. 1982) (reflecting a trial court's letter ruling that "called on counsel to prepare and present an appropriate order reflecting that ruling"); *Bolinger v. Contreras*, No. 13-21-00151-CV, 2021 WL 3411867, at *3 n.8 (Tex. App.—Corpus Christi–Edinburg Aug. 5, 2021, no pet.) (mem. op.) (noting the practicality of a party drafting a proposed order for the trial court's approval and signature)). The trial court's signature provides assurance that the order reflects the trial court's ruling and does not constitute an improper delegation of authority. *See In re D.L.*, 160 S.W.3d 155, 167 (Tex. App.—Tyler 2005, no pet.)

AGiza's fourth issue is overruled.

### C. Bexar County, Texas Presiding Civil District Court System

In her fifth issue, AGiza complains that another district court ruled on matters in her case absent a valid transfer order. AGiza's case, however, was not transferred to another district court.

"The Texas Constitution allows a central docket system like the one in Bexar County." *Salazar v. Dickey*, No. 04-08-00022-CV, 2010 WL 307852, at *2 (Tex. App.—San Antonio Jan. 27, 2010, pet. denied) (mem. op.); *see also* TEX. CONST. art V, § 11 (authorizing district judges to "exchange districts, or hold court for each other"); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009)

(explaining that "Texas law allows judges to sit for one another whenever they choose"); TEX. R. CIV. P. 330(e) ("Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, exchange benches or districts from time to time, and . . . try and determine any case or proceeding pending in another court without having the case transferred[.]").

AGiza's fifth issue is overruled.

*D. Entry of "Final-Judgment-Non-Jury-Trial"*

Based on our interpretation of her sixth issue, AGiza argues that because the case docket sheet notation, "Final-Judgment-Non-Jury-Trial," incorrectly reflects the disposition of the case, it somehow deprived her right to a jury trial.

First, we note "[a] docket sheet entry is a memorandum made for the convenience of the trial court and the court clerk." *Gwyn v. Brooks*, No. 01-24-00618-CV, 2025 WL 1799520, at *1 (Tex. App.—Houston [1st Dist.] July 1, 2025, no pet.) (mem. op.) (quoting *Bailey-Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.—Dallas 2003, pet. denied)). "Because they are inherently unreliable and lack the formality of judgments and orders, 'docket sheet entries alone are insufficient to constitute a judgment or decree of the court.'" *Id.* (quoting *Bailey-Mason*, 122 S.W.3d at 897).

In its final and appealable August 23, 2024 order, the trial court dismissed all of AGiza's claims pursuant to Rule 91a. Because the trial court dismissed her claims pretrial, no material fact issues remained for a jury to determine, and thus AGiza was not entitled to a jury trial based on the record at that time. *See Aaron v. Caddo Mins., Inc.,* No. 11-22-00020-CV, 2023 WL 5622115, at *10 (Tex. App.—Eastland Aug. 31, 2023, pet. denied) (mem. op.) (overruling appellant's complaint that a Rule 91a dismissal of his claims violated his constitutional right to a jury trial

when no fact issue existed); *see also* TEX. R. CIV. P. 248 (directing trial courts to resolve pending matters "as far as practicable" before a trial commences).

We overrule AGiza's sixth issue.

*E. Correcting the Record*

Last, in her eighth issue, AGiza asserts the trial court's failure to "correct significant record errors" denied her due process and the fair consideration of her claims. AGiza adds that because of the trial court's alleged failure to correct the record, she was also deprived of meaningful appellate review.

First, as stated above, docket sheet entries are solely for the convenience of the trial court and the court clerk; they do not themselves represent orders of the court. *Gwyn*, 2025 WL 1799520, at *1. Next, according to the transcript of the trial court's September 20, 2024 hearing to reconsider the Rule 91a dismissal, the trial court corrected the electronic case management system to the extent it could. Other than seeking assurance that her third amended petition was her live pleading for purposes of determining whether the Rule 91a dismissal was proper, AGiza fails to identify any other potential error in the record adversely impacting her appeal. And as explained above, we reviewed the Rule 91a dismissal de novo considering the facts and claims included in AGiza's third amended petition.

We overrule AGiza's eighth issue.

## CONCLUSION

With respect to AGiza's issues two, three, seven, and ten, we affirm the trial court's August 23, 2024 order dismissing her defamation, intentional infliction of emotional distress, racial discrimination, and conspiracy to intimidate claims. Regarding the same appellate issues, we reverse the trial court's dismissal of AGiza's breach of contract and negligence claims. We remand

her breach of contract and negligence claims to the trial court for further proceedings consistent with this opinion. Additionally, we affirm the trial court's September 23, 2024 order approving the vacatur of AGiza's TRO—AGiza's issue nine. With respect to AGiza's remaining appellate complaints—issues one, four, five, six, and eight—we affirm the trial court's September 23, 2024 order. All pending motions are denied.


Irene Rios, Justice